**Sonia BARRACANO, Petitioner,**

v.

**Elaine LORD, Superintendent, Bedford Hills Correctional Center; Elizabeth Holtzman, District Attorney, Kings County; and Robert Abrams, Attorney General of the State of New York, Respondents.**

**No. 85–CV–2937.**

United States District Court,
E.D. New York.

Oct. 24, 1985.

Sonia Barracano, pro se.

Elizabeth Holtzman, Dist. Atty., Kings County, Brooklyn, N.Y., Robin Bernstein, Asst. Dist. Atty., for respondents.

## DECISION AND ORDER

BRAMWELL, District Judge.

By petition dated July 27, 1985, Sonia Barracano requests habeas corpus relief pursuant to Title 28, United States Code, section 2254. Petitioner alleges that (1) the State of New York has reneged on its plea bargain, and (2) that the State of New York is "holding 45 days of [her] time." For the reasons set forth below, petitioner's application is dismissed for failure to exhaust state remedies.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 1982, petitioner pled guilty in the Supreme Court of the State of New York, Kings County, to one count of grand larceny in the second degree and seven counts of forgery in the second degree. As a result, petitioner was sentenced on May 10, 1982 to imprisonment for concurrent terms of two to six years. At the time, petitioner and the prosecutor, with the trial judge's approval, apparently agreed that petitioner's sentence would run concurrently with a four-year sentence of imprisonment that this Court had imposed in a federal matter. The agreement further contemplated that petitioner's sentence would be served in federal prison, rather than in state prison.

Petitioner was incarcerated at Lexington Correctional Facility, a federal prison, until January 4, 1985, during which time a New York State detainer was kept on file against her. She became eligible for parole on her federal sentence on October 20, 1983. However, petitioner waived her federal parole release date because, had she been released, she would have had to serve time in New York State custody, which she apparently did not want to do.

On January 10, 1984, the Appellate Division, Second Department, unanimously denied petitioner's *pro se* Article 78 application, which requested relief from her state detainer on the grounds that her plea agreement contemplated release by both jurisdictions whenever parole was granted on the federal sentence.

Subsequently, on May 18, 1984, petitioner applied to this Court for a writ of habeas corpus, alleging that her return to New York state custody would violate her plea agreement. This Court denied her application on December 18, 1984, finding that petitioner had failed to exhaust her state remedies.

Upon expiration of petitioner's federal sentence, petitioner was transferred to Bedford Hills Correctional Facility, a New York state prison, where she has been incarcerated since January 4, 1985. She is scheduled to be released in November, 1985.

On May 6, 1985, defendant moved, in New York State Supreme Court, Kings County, to vacate her judgment of conviction on the grounds that her plea agreement was violated. The trial court denied this motion, disagreeing with petitioner's interpretation of the plea agreement, even though the state prosecutor agreed with petitioner's version. Petitioner did not appeal this decision, nor has she pursued any further relief in the New York courts. The present petition for habeas corpus relief followed.

## II. DISCUSSION

■ It is axiomatic that a state prisoner is required to exhaust available state remedies before filing for federal habeas corpus

relief. *See* 28 U.S.C. § 2254(b), (c) (1982); *Rose v. Lundy*, 455 U.S. 509, 515–16, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). In the present case, petitioner clearly has not exhausted her state remedies. She failed to seek any appeal or review of the state trial court's denial of her motion to vacate her conviction. Moreover, her present petition raises a claim that she never presented in state court, namely, that New York State is "holding 45 days of [her] time." Therefore, the Court ordinarily would dismiss the petition without further hesitation.

In this case, however, the state prosecutor has expressly stated that she will not assert the exhaustion defense. Thus, the Court is faced with the question of what effect the prosecutor's attempted waiver of the exhaustion defense has in this federal habeas proceeding. As will be discussed more fully below, the Court is of the opinion that the prosecutor may not waive the exhaustion defense, and that such a purported waiver of the defense has no effect upon the Court's general obligation to dismiss habeas petitions where state remedies are not exhausted.

■ The exhaustion doctrine is primarily intended to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91, 93 S.Ct. 1123, 1127–28, 35 L.Ed.2d 443 (1973). It is a rule not of jurisdiction, but of comity, *see, e.g., Silverstein v. Henderson*, 706 F.2d 361, 365, n. 9 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983), and is based upon the notion that in our federal system, federal and state courts are "equally bound to guard and protect rights secured by the Constitution." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) (*quoting Ex parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886)). Thus, it is well-settled that federal courts should interfere with the administration of justice in the state courts, by entertaining non-ex-

hausted claims, only under the most exceptional circumstances where justice so requires. *See Ex parte Hawk*, 321 U.S. 114, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944); *United States ex rel. Graham v. Mancusi*, 457 F.2d 463, 468 (2d Cir.1972).

The petitioner in the instant case, as noted above, has clearly failed to exhaust her state remedies. In its affirmation in opposition to the petition, the state has indicated that it "do[es] not assert this bar." This Court holds, however, that the state's attempt to waive the exhaustion defense is improper. Whether a habeas petition should be in federal district court is not a decision for the state prosecutor. It is a determination "that can be made only by that [district] court, after measuring the claim against the mandate of 28 U.S.C. § 2254." *United States ex rel. Trantino v. Hatrack*, 563 F.2d 86, 96 (3d Cir.1977), *cert. denied*, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978).

> For § 2254(b) purposes, both concession and waiver amount to nothing more than notice to the court that the state is unopposed to a federal court reaching the merits of a petitioner's claim. But by the same token, neither concession nor waiver relieves the federal court of its responsibility to decide only those habeas claims which Congress has authorized it to hear under § 2254(b).

*Id.*

The Court is aware that the federal circuit courts are split on this issue. The First, Third, Sixth, Ninth, and Tenth Circuits have indicated that the exhaustion defense should not be waivable by the state prosecutor. *See, e.g., Needel v. Scafati*, 412 F.2d 761, 766 (1st Cir.), *cert. denied*, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113 (1969); *Trantino, supra*, at 95–98 (3d Cir. 1977); *Parker v. Rose*, 728 F.2d 392, 394 (6th Cir.1984) (dictum); *Batchelor v. Cupp*, 693 F.2d 859, 862–63 (9th Cir.1982), *cert. denied*, 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983); *Naranjo v. Ricketts*, 696 F.2d 83, 87 (10th Cir.1982) (per curiam). By contrast, the Fourth, Fifth, Eighth, and Eleventh Circuits have permitted waiver or

concession of the exhaustion defense, particularly where the waiver is express, rather than by default. *See, e.g., Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 & n. 2 (4th Cir.1971); *McGee v. Estelle*, 722 F.2d 1206, 1212–13 (5th Cir.1984); *Batten v. Scurr*, 649 F.2d 564, 568–69 (8th Cir.1981); *Thompson v. Wainwright*, 714 F.2d 1495, 1500–01 (11th Cir.1983).

In our own circuit, the Second Circuit, the issue has not been definitively decided. In perhaps its first mention of the issue, the Second Circuit suggested in dictum that it "[did] not consider that the statutory requirement of exhaustion of state remedies can be waived by the State." *United States ex rel. Sostre v. Festa*, 513 F.2d 1313, 1314 n. 1 (2d Cir.), *cert. denied*, 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975). Nevertheless, in that case, and again in *Colon v. Fogg*, 603 F.2d 403, 407 (2d Cir.1979), the Second Circuit refused to dismiss on exhaustion grounds because the issue had been raised after lengthy proceedings at the district court level. In two subsequent cases, however, the Court again suggested in dicta that strict compliance with the exhaustion rule would prevent the Court from accepting a waiver of the exhaustion defense by the State. *See Silverstein v. Henderson*, 706 F.2d 361, 365 n. 9 (2d Cir.) (Court places "no weight" on State's failure to assert exhaustion defense because "the state executive branch may not ordinarily have the power to waive the deference due state courts"), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *Gayle v. LeFevre*, 613 F.2d 21, 22 n. 1 (2d Cir.1980) (Court should require "strict compliance with the exhaustion doctrine ... in the interests of comity"). Finally, in an even more recent case, the Second Circuit expressly refused to decide this issue in affirming a district court's grant of a consensual writ of habeas corpus, stating in dictum that "the state prosecutor could and did waive exhaustion" in that case. *See McCarthy v. Manson*, 714 F.2d 234, 238 (2d Cir.1983).

It should be noted, however, that the *McCarthy* case involved rather unique circumstances. In that case, the district court permitted waiver of the exhaustion defense by Connecticut's Chief State's Attorney primarily because "Connecticut is one of the few states that retain the early American constitutional structure in which prosecutors are appointed by judges (rather than popularly elected or appointed by the executive) and in which their office is created in the judicial rather than the executive article of the state constitution." *McCarthy v. Manson*, 554 F.Supp. 1275, 1290–91 (D.Conn.1982), *aff'd*, 714 F.2d 234, 238 (2d Cir.1983). Thus, in *McCarthy*, the prosecutor was viewed as being in a unique position to represent not only the people of the state, but also the judiciary. *See id.* at 1291–92. This unique facet of Connecticut's criminal justice system was emphasized as a critical factor in finding that waiver of the exhaustion defense presented no affront to comity. Because New York's prosecutors are not appointed by the judiciary, but rather are elected by the people, the decision in *McCarthy* is not apposite to the present case. Indeed, in the present case, the prosecutor has sided with the petitioner, and taken a position directly contrary to that of the state trial judge, in both the motion in state court and this federal habeas case.

■ Finding no controlling authority in the Second Circuit, this Court finds persuasive, and consequently adopts, the reasoning set forth by the Third Circuit in *United States ex rel. Trantino v. Hatrack*, 563 F.2d 86 (3d Cir.1977), *cert. denied*, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978), and followed by several other circuits:

> The basis for rejection of the concept of waiver ... is found in the policy underlying the exhaustion requirement. Exhaustion is a rule of comity. "Comity," in this context, is that measure of deference and consideration that the federal judiciary must afford to the co-equal judicial systems of the various states. Exhaustion, then, serves an interest *not* of state prosecutors but of state courts. It follows, therefore, that the state court

interest which underlies the exhaustion requirement of § 2254(b) *cannot* be conceded or waived by state prosecutors—for the state court interest in having "an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" is simply not an interest that state prosecutors have been empowered to yield. "Waiver," like "concession," is not a talisman, the incantation of which will cause the exhaustion requirement to disappear. That requirement remains.

*Id.* at 96 (footnote omitted) (emphasis in original). Thus, this Court holds that the prosecutor's "waiver" of the exhaustion defense has no effect on the Court's duty to dismiss habeas petitions where state remedies have not been exhausted.

■ This holding, however, does not end the inquiry. As noted above, because the exhaustion requirement is not jurisdictional, a federal court may overlook a failure to exhaust state remedies "in those rare instances where justice so requires." *United States ex rel. Graham v. Mancusi,* 457 F.2d 463, 468 (2d Cir.1972). Unfortunately for petitioner, this case does not represent such an instance. In the present case, there is no question of defendant's guilt. Nor is there any allegation that she was incarcerated without due process, or that her punishment has been excessive. Petitioner's claim is that when she entered into the plea bargain, she understood the bargain to include a promise that she would not serve any time in state custody—i.e., that her state sentence would expire concurrently with her federal sentence. Apparently, upon consideration of this contention, the state trial judge did not agree, even though the state prosecutor sided with petitioner. This habeas petition, therefore, in essence asks this Court to reverse the state trial judge's decision without permitting the New York appellate courts to review the case first. This is not proper.

It may also be true that petitioner went directly to federal court because she believed the New York courts could not hear her appeal before her scheduled date for release from state custody. However, she made no attempt whatsoever to seek review in state court. Petitioner surely was aware of the exhaustion requirement in federal court, because her earlier petition was dismissed by this Court on precisely those grounds on December 18, 1984. Moreover, because the state prosecutor in this case virtually joined in petitioner's motion, it is more likely that, had she appealed in state court, petitioner may have received an expedited review under the circumstances. In any event, it is difficult to imagine that her direct appeal to federal court, which was given expedited, priority treatment by this Court notwithstanding its crowded docket, saved petitioner any time in relation to her prospects in state court.

Petitioner apparently is scheduled for release on November 10 or November 17 of this year. The state trial judge was aware of this, and was also aware that the state prosecutor had agreed that petitioner should be released. Nevertheless, and this Court will presume for legitimate reason, the state trial judge believed that petitioner should not be released prior to the date scheduled. The state court interest in the exhaustion rule is simply too strong for this Court to review the state trial judge's decision absent some attempt by petitioner to exhaust state remedies, particularly because even if relief were ultimately granted in this case, the affront to comity would save petitioner only three weeks of a three-and-one-half-year term of incarceration.

## III. CONCLUSION

Based on the foregoing analysis, petitioner's application for habeas corpus relief is DISMISSED.

IT IS SO ORDERED.