Thomas F. **PLUNKETT**, Appellant,

v.

Sally **JOHNSON**,
Superintendent, Appellee.

No. 1293, Docket 86–2378.

United States Court of Appeals,
Second Circuit.

Argued June 18, 1987.
Decided Sept. 15, 1987.

Baldwin Maull, New York City, for appellant.

James T. Hayden, Chemung Co. Dist. Atty., Elmira, N.Y., for appellee.

Before OAKES, MESKILL and PRATT, Circuit Judges.

PER CURIAM:

Thomas Plunkett appeals from the dismissal of his petition for a writ of habeas corpus by the United States District Court for the Western District of New York, Michael A. Telesca, Judge.

Plunkett was convicted in Chemung County Court, New York, of grand larceny and of criminal possession of stolen property, both in the second degree, in connection with the theft of goods from a railroad car in Elmira, New York. Plunkett was sentenced to concurrent terms of three and one-half to seven and two to four years' imprisonment. The Appellate Division affirmed his conviction, *People v. Plunkett*, 111 A.D.2d 566, 489 N.Y.S.2d 870 (3d Dep't 1984), and leave to appeal to the New York Court of Appeals was denied.

Plunkett petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting two grounds for relief. He claimed, first, that New York state courts lacked jurisdiction in his case. He argued that Congress preempted state law involving thefts of goods flowing in interstate commerce by virtue of 18 U.S.C. § 659, so that New York lacked jurisdiction over charges that he had stolen goods that were being transported interstate by train. Second, Plunkett claimed that the search of his vehicle that led to the discovery of the stolen goods had been illegal because it was warrantless and not incident to or contemporaneous with his arrest.

Though Plunkett asserted in his petition that he had exhausted state remedies as to both of the grounds upon which he was seeking the writ, and although the State conceded that Plunkett had exhausted state remedies, this was not the case in fact. Plunkett had never raised his first, jurisdictional, ground for disputing his conviction before any state court, and it was still open to him to file a motion to vacate judgment pursuant to New York's Criminal Procedure Law § 440.10, in which he could raise the claim. The district court held that because Plunkett had not moved to vacate judgment, he had not satisfied the exhaustion requirement as to his first claim for relief. Accordingly, the court dismissed the petition in its entirety, pursuant to the total exhaustion rule set forth in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We treat the notice of appeal as constituting a request for a certificate of probable cause, pursuant to Fed. R.App.P. 22(b), and grant the request.

In holding "that a prosecutor 'may not waive the exhaustion defense, and that such a purported waiver of the defense has no effect upon the Court's general obligation to dismiss habeas petitions where state remedies are not exhausted.'" *Plunkett v. Johnson*, No. Civ–85–1104T, slip op. at 2 (W.D.N.Y. Oct. 9, 1986) (quoting *Barracano v. Lord*, 620 F.Supp. 1284, 1286 (E.D.N.Y.1985)), the district court to all intents and purposes adopted the view that a petition must automatically be dismissed when it appears there has been a failure to exhaust. This approach, however, is inconsistent with the Supreme Court's decision in *Granberry v. Greer*, —— U.S. ——, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

To be sure, *Granberry* was a case in which the State had waived its exhaustion defense in the district court and the district court had reached the merits of the habeas petition. The question posed in *Granberry* was whether the State's failure to raise

nonexhaustion in the district court constituted a waiver of that defense in the court of appeals. The Court rejected both of the extreme answers to this question—that the waiver in the district court is "a procedural default precluding the State from raising the issue on appeal," or, alternatively, that "nonexhaustion [is] an inflexible bar to consideration of the merits of the petition by the federal court." *Id.* at 1673. It adopted instead an "intermediate approach," according to which the courts of appeals are "to exercise discretion in each case to decide whether the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith." *Id.* The Court reasoned that "comity was the basis for the exhaustion doctrine," *id.* at 1675 (quoting *Rose v. Lundy*, 455 U.S. at 515, 102 S.Ct. at 1202); that exceptions to the exhaustion requirement have nevertheless been made where, for example, judicial efficiency so requires, or where there is a need for prompt federal intervention; and that these different factors can readily be weighed by a court of appeals in light of the particular circumstances of the case before it, in order to determine whether nonexhaustion should bar it reaching the merits.

■ This same reasoning leads to the conclusion that district courts also must exercise their discretion to determine what effect to give to a state's waiver of the exhaustion defense, and must not adopt a per se rule that in the case of nonexhaustion the petition must be dismissed. Just as *Granberry* directs the courts of appeals to do, a district court faced with a habeas petition that includes unexhausted claims "should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state ... court proceedings before reviewing the merits of the petitioner's claim." 107 S.Ct. at 1675.

■ Although the district court applied an erroneous per se rule that, rather than exercise its discretion, it must dismiss petitions including unexhausted claims even when the State has waived, we see no reason for a remand to permit the district court now to exercise its discretion. When a court is convinced that the petition lacks merit and when the State has waived any exhaustion defense, application of the exhaustion doctrine would merely result in useless litigation in the state courts. *Id.* at 1674. When "the applicant does not raise even a colorable federal claim," *id.* at 1675, that is a reason for reaching the merits and denying the petition, for this preserves judicial resources. In this case, a proper exercise of discretion under *Granberry* would have resulted in the district court's reaching the merits for the very reason that Plunkett presented no colorable federal claim. Plunkett's preemption argument is untenable, in light of Congress's statement in 18 U.S.C. § 659 that "[n]othing contained in this section shall be construed as indicating an intent on the part of Congress to occupy the field in which provisions of this section operate to the exclusion of State laws on the same subject matter...." Similarly, Plunkett's Fourth Amendment claim lacks merit. The issue was fully litigated in a suppression hearing conducted on April 27, 1983, which was subject to state appellate review, and "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (footnotes omitted), *reh'g denied*, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). Hence the denial of Plunkett's habeas petition is

Affirmed on the merits.

MESKILL, Circuit Judge, concurring in part and dissenting in part:

I concur in the decision reached by the majority but dissent from its conclusion that *Granberry v. Greer*, — U.S. —, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), *requires* the district court to review the merits of certain claims of a habeas corpus petitioner that have not been exhausted in

the state courts. Even though judicial efficiency might be enhanced in some instances by district court review and summary denial of obviously meritless petitions containing unexhausted claims, *Granberry* and the cases it reaffirms generally require dismissal without prejudice for non-exhaustion. These cases permit federal habeas courts to rule on the merits of unexhausted claims only " 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.' " *Granberry*, — U.S. at —, 107 S.Ct. at 1675 (quoting *Ex parte Hawk*, 321 U.S. 114, 117, 64 S.Ct. 448, 88 L.Ed. 572 (1944)). *See Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984) (exhaustion rule while "strictly enforced," is not jurisdictional; Court of Appeals found exceptional circumstance, *id.* at 679, 104 S.Ct. at 2060); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("Requiring dismissal of petitions containing both exhausted and unexhausted claims will ... reduce the temptation to consider unexhausted claims."); *id.* at 542, 102 S.Ct. at 1215–16 (Stevens, *J.*, dissenting) ("[u]nder the Court's analysis, *any* unexhausted claim asserted in a habeas corpus petition—no matter how frivolous—is sufficient to command the district judge to postpone relief on a meritorious exhausted claim"); *Frisbie v. Collins*, 342 U.S. 519, 520–22, 72 S.Ct. 509, 510–11, 96 L.Ed. 541 (1952) (district court may deviate from exhaustion rule if it finds "special circumstances" after review of facts). In this case, however, neither the prosecution nor Plunkett has described an exceptional circumstance of peculiar urgency, either to the district court or to us.

There was an exceptional circumstance in *Granberry* which sets that case apart from this one. In *Granberry*, the lack of exhaustion was neither raised in nor detected by the district court, which dismissed the petition on its merits. Instead, the unexhausted claim arrived in the Court of Appeals in the company of a full district court record on the merits. It is clear that the *Granberry* Court ascribed a heightened measure of urgency to the interest in judicial efficiency in what it termed an "excep-

tional" case, where a complete record on the merits of the habeas corpus petition had already been generated. *See* — U.S. at —, 107 S.Ct. at 1673–76. Although the existence of a complete record on the merits may be a product of the prosecution's waiver of the non-exhaustion defense, it is the complete record, not the waiver, that makes the case exceptional. *Cf. id.* at — n. 6, 107 S.Ct. at 1674 n. 6 (waivers might be used by prosecution to gain unfair tactical advantage). In such cases there is much to be gained by appellate review of clearly meritorious or clearly non-meritorious claims. *See id.* at —, 107 S.Ct. at 1675–76. In our case, however, requiring the district court to weigh the competing interests before ruling on exhaustion will add an entirely new and unwarranted layer of procedural review to an already overburdened court system. The mandatory nature of such a review works at cross purposes to the majority's search for judicial economy.

This is not to say that the district court could not dismiss on its merits a plainly frivolous habeas petition. The rules governing habeas corpus petitions explicitly permit summary dismissal before reaching the exhaustion question. 28 U.S.C. § 2254 Rules 4 & 5 (1982); *Granberry*, — U.S. at — n. 7, 107 S.Ct. at 1675 n. 7. In my view, *Granberry* did not extend to the district court any more discretion than it already had under the rules.

Because there is no "exceptional circumstance" here, under *Frisbie v. Collins* the district court was entirely correct in summarily dismissing the unexhausted claim and with it the exhausted claim under *Rose v. Lundy*. I agree with Judge Telesca that "a prosecutor 'may not waive the exhaustion defense, and that such a purported waiver of the defense has no effect upon the [district court's] general obligation to dismiss habeas petitions where state remedies are not exhausted,' " *Plunkett v. Johnson*, No. Civ–85–1104T, slip op. at 2 (W.D.N.Y. Oct. 9, 1986) (quoting *Barracano v. Lord*, 620 F.Supp. 1284, 1286 (E.D.N.Y.1985)), and would affirm on that basis.