Hazen SOLOMON, Petitioner,

v.

Daniel SENKOWSKI, Superintendent,
Clinton Correctional Facility,
Respondent.

No. 89 Civ. 6315 (MBM).

United States District Court,
S.D. New York.

Nov. 25, 1991.

Hazen Solomon, pro se.

Phyllis A. Monroe, Asst. Dist. Atty., New York City, for respondent.

OPINION AND ORDER

MUKASEY, District Judge.

Hazen Solomon petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). For the reasons set forth below, the petition is dismissed.

I

Solomon claims that he was denied his Sixth Amendment right to effective assistance of counsel in three ways: (1) his trial counsel's failure to pursue a meritorious *Bartolomeo* motion, *see People v. Bartolomeo,* 53 N.Y.2d 225, 440 N.Y.S.2d 894, 423 N.E.2d 371 (1981); (2) his trial counsel's failure to request a jury charge on the affirmative defense of extreme emotional disturbance and his trial counsel's "elicitation" of incriminating hearsay testimony; and (3) his trial counsel's failure to present mitigating evidence about Solomon's background at trial and sentencing. In addition, Solomon claims that his Fourteenth Amendment due process rights were violated by the trial judge's imposition of an "excessive sentence." (Pet. at 6)

Petitioner has exhausted his state court remedies on the first two Sixth Amendment claims and the Fourteenth Amendment claim. However, he has not exhausted the third Sixth Amendment claim, raising it for the first time in this petition.

II

Generally, a state prisoner must exhaust available state court remedies before seeking federal habeas review. *See, e.g.,* 28 U.S.C. § 2254 (1980); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Irvin v. Dowd,* 359 U.S. 394, 404–05, 79 S.Ct. 825, 831–32, 3 L.Ed.2d 900 (1959); *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). This requirement, which is based on principles of federalism and comity, provides state courts with "an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418

(1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)). Moreover, "[t]he exhaustion requirement recognizes that state courts are bound to safeguard the federal rights of state criminal defendants." *Daye v. Atty. Gen. of New York*, 696 F.2d 186, 191 (2d Cir.1982); *see also, Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

■ Only unusual cases justify exceptions to the exhaustion requirement. As the Supreme Court stated in *Ex parte Hawk*, 321 U.S. 114, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944) (quoting *United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17, 46 S.Ct. 1, 2, 70 L.Ed. 138 (1925)), federal courts should interfere with the "administration of justice in the state courts only 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.' " *See also Tyler*, 269 U.S. 1, 17, 46 S.Ct. 1, 70 L.Ed. 138 (1925) ("In the regular and ordinary course of procedure, the power of the highest state court in respect of such questions should first be exhausted.").

Applying these principles, the Supreme Court, in *Rose v. Lundy*, found that habeas petitions containing both exhausted and unexhausted claims present no "exceptional" circumstance. Accordingly, the Court held that district courts must dismiss such mixed petitions in their entirety. This rule, the Court reasoned, best serves the interests of comity because "strict enforcement" of the exhaustion requirement encourages habeas petitioners "to exhaust all of their claims in state court and to present the federal court with a single habeas petition." 455 U.S. at 520, 102 S.Ct. at 1204. Moreover, a strict rule reduces "piecemeal litigation." *Id.*

In *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), the Court found that a certain subset of mixed petitions—those to which the state had waived a valid exhaustion defense—presented an exceptional circumstance. Therefore, the Court held that courts of appeals could, in their discretion, reach the merits of mixed habeas petitions in two waiver situations: (1) when the unexhausted claim raises "not even a colorable federal claim," *id.* at 135, 107 S.Ct. at 1675; and (2) when "a full trial has been held in the district court and it is evident that a miscarriage of justice has occurred." *Id.* In these two situations, the Court found that it may be in the interest of both comity and judicial efficiency to reach the merits of the petition. In the first, the state has failed to raise a valid exhaustion defense, thereby indicating that it believes it has no interest in having its judicial system pass upon the claim. In addition, the federal court of appeals has determined that the state has no interest in invoking the exhaustion defense because the unexhausted claim is frivolous. In the second scenario, the interests of justice demand review on the merits in order to avoid "unnecessary delay in granting relief that is plainly warranted." *Id.*

In *Plunkett v. Johnson*, 828 F.2d 954 (2d Cir.1987), the Second Circuit applied *Granberry* to district courts when it held that the same reasoning that informed *Granberry* "leads to the conclusion that district courts must also exercise their discretion to determine what effect to give to a state's waiver of the exhaustion defense...." *Id.* at 956. Therefore, if *Granberry* can be read to apply to non-waiver as well as waiver situations, *Plunkett* authorizes me to reach the merits of Solomon's petition if, in my discretion, I find that doing so would further the interests of comity and judicial efficiency.

The sole question at hand is whether *Rose* or *Granberry* controls habeas petitions that contain unexhausted, as well as exhausted, claims when the state has not waived a valid exhaustion defense. Although Solomon's unexhausted claim is probably frivolous, it is impossible to conclude that *Granberry* authorized me to hear the petition on its merits. If I were to read *Granberry* as having invested federal courts with the discretion to hear mixed petitions in all cases, and not just in waiver cases, *Rose* would be a nullity.

Because I decline to conclude that *Granberry* overruled *Rose sub silentio*, I must harmonize *Rose* and *Granberry*. There-

fore, I construe *Granberry* as carving out a narrow category of exceptional cases from *Rose*'s complete exhaustion requirement. When a state waives a valid exhaustion defense, it has effectively reviewed the unexhausted claim and determined that it does not warrant state judicial review. Waiver is but another means of deferring to the state's discretion to hear the unexhausted claim before a federal court hears it. Therefore, waiver presents an exceptional case because the interests of comity are satisfied fully even in the absence of complete exhaustion.

Although the district court in *Best v. Superintendent of Clinton Correctional Facility*, 1990 WL 164673, 1990 U.S. Dist. LEXIS 14213 (E.D.N.Y. Oct. 17, 1990), read *Davis v. Lansing*, 851 F.2d 72 (2d Cir. 1988), as having extended *Plunkett* to non-waiver scenarios, I decline to read *Davis* that way. *Best* asserted that *Davis* "stated that the district court need not rely on the state's waiver to dispense with exhaustion issues and may proceed to the merits of a habeas petition, so long as it was 'perfectly clear' that no meritorious federal claim existed." 1990 WL 164673 at *2, 1990 U.S. Dist. LEXIS 14213 at *4. However, I do not read *Davis* to alter the basic waiver requirement set forth in *Granberry*. First, the state in *Davis* effectively waived the exhaustion defense. *See* 851 F.2d at 76 (respondent demonstrated a "willingness to forego the non-exhaustion defense"). Second, *Davis* was decided on *Younger* abstention grounds. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

In *Davis*, petitioner filed his habeas petition prior to his state criminal trial, alleging a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The petition thus presented a classic *Younger* scenario in which the "immediate disposition" of the abstention issue "serves the interests of comity by allowing the state court to conduct the trial without federal intervention." 851 F.2d at 76. Because *Davis* addressed a state's quasi-waiver of the exhaustion defense, and because it was so clearly in the interests of both comity and judicial efficiency to decide the *Younger* issue, I do not find that *Davis* extended *Plunkett* to non-waiver scenarios. Moreover, for the reasons stated above, I do not find that *Granberry* authorizes such an extension of *Plunkett*.

Because New York state has not waived its valid exhaustion defense to petitioner's third Sixth Amendment claim (Resp.Mem. at 4), *Rose*, and not the narrow exception to it carved out by *Granberry*, controls. Moreover, Solomon's petition presents no exceptional circumstance to provide a principled distinction between the exhaustion question at hand and *Rose*. Therefore, *Rose* and the interests of comity require that the petition be dismissed in its entirety.

### III

A certificate of probable cause permitting petitioner to appeal the dismissal of his petition should be issued if the petition is not frivolous, and if it presents some question deserving appellate review. *Rodriguez v. Scully*, 905 F.2d 24 (2d Cir. May 29, 1990) (*per curiam*); *Alexander v. Harris*, 595 F.2d 87, 91 (2d Cir.1979) (*per curiam*); *see* Fed.R.App.P. 22(b); *see also United States ex rel. Winfield v. Cascles*, 403 F.Supp. 956, 960 (E.D.N.Y.1975) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234, 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 56 (1957)) (for certificate of probable cause to issue "there must be 'federal questions adequate to deserve encouragement to proceed further'"); *Pizarro v. Harris*, 507 F.Supp. 642, 647 (S.D.N.Y.1981) (certificate of probable cause will issue only if petition presents question of substance for appellate review).

Because the state did not waive its valid exhaustion defense, Solomon's combined exhausted and unexhausted claims present an arguably uncertain issue of federal habeas corpus jurisprudence. Therefore, the petition is dismissed and a certificate of probable cause will issue.

SO ORDERED.