**Shaheeb LOVING, Petitioner,**

v.

**John O'KEEFE, Superintendent of Gouverneur Correctional Facility, Respondent.**

**No. 95 Civ. 5298(MGC).**

United States District Court, S.D. New York.

March 21, 1997.

Shaheeb Loving, Auburn, NY, pro se.

Robert T. Johnson, District Attorney, Bronx County Attorney by Susan L. Valle, Robert L. Moore, Assistant District Attorneys, for Respondent.

## OPINION

CEDARBAUM, District Judge.

Shaheeb Loving, a state prisoner, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition raises five separate grounds for relief. Petitioner claims that: (1) he was denied effective assistance of trial counsel; (2) the verdict was against the weight of evidence; (3) the prosecutor engaged in improper conduct; (4) the trial judge made incorrect and prejudicial rulings; and (5) he was denied effective assistance of appellate counsel. Of these, only the issue of ineffective assistance of trial counsel was raised in state court. For the reasons that follow, the petition for a writ of habeas corpus is denied.

### Background

On March 27, 1991, following a jury trial, Shaheeb Loving was convicted of Manslaughter in the First Degree, Manslaughter in the Second Degree, and Criminal Possession of a Weapon in the Second Degree, in connection with the fatal shootings of Ralph Smalls and Michael Brandy during a street fight. He was acquitted of the charge of Murder in the Second Degree. On appeal, Loving argued as his sole basis for reversal of the conviction that he had been deprived of the effective assistance of trial counsel, in violation of the federal and state constitutions. On May 27, 1993, Loving's judgment of conviction was affirmed. *People v. Loving*, 193 A.D.2d 561, 598 N.Y.S.2d 221 (1st Dep't 1993). In his application for leave to appeal to the New York Court of Appeals, Loving again argued

only that he was deprived of the effective assistance of trial counsel. (Ex. 2 to Aff. in Opp'n.) The application was denied on August 20, 1993. *People v. Loving,* 82 N.Y.2d 722, 602 N.Y.S.2d 819, 622 N.E.2d 320 (1993).

Petitioner lists five grounds for relief in his petition. First, he states that he was denied effective assistance of trial counsel and incorporates all arguments made on direct appeal regarding this issue. (Pet. at 5.) Second, he claims that the verdict was against the weight of the evidence because "[t]his is a very complex case" and "anything that happened only happened in self defense and nothing more." (*Id.*) Third, he states that there was "prosecutorial misconduct" in that the prosecutor "made many inflammatory remarks which were never objected to" and made statements designed to "appeal to the jurors' emotions." (*Id.* at 6.) Fourth, petitioner claims that many of the trial judge's rulings were "incorrect and prejudicial," such as "the ruling on the identification issue" and "other hearings that should have been requested." (*Id.*) Fifth, he claims that he had ineffective assistance of appellate counsel.[1] (*Id.*)

### Discussion

### 1. *Exhaustion of Claims*

■ A state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 generally must first have exhausted his state court remedies. 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Of the five claims for relief listed

in the petition, only the claim of ineffective assistance of trial counsel was raised in state court and therefore only that claim is exhausted. The three claims concerning weight of the evidence, prosecutorial misconduct and incorrect rulings of the court can no longer be raised in state court. N.Y. Ct. Rules § 500.10(a) (only one application for leave to appeal to New York Court of Appeals is permitted); N.Y.Crim. Proc. § 440.10(2)(c) (collateral review barred if claim could have been raised on direct review) Accordingly, they are "deemed exhausted," *Bossett v. Walker,* 41 F.3d 825, 828–29 (2d Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995), and can be considered in a federal habeas corpus proceeding if the petitioner can show "cause" and "prejudice" for the failure to raise the issues in the state courts, *Grey v. Hoke,* 933 F.2d 117, 120–21 (2d Cir.1991). The only "cause" suggested by petitioner for his failure to raise these claims is that his attorney was ineffective. Since ineffective assistance of counsel can constitute "cause," the three claims merge with the claim of ineffective assistance of counsel.[2]

However, the claim of ineffective assistance of appellate counsel has never been presented to a state court. Such a claim could still be raised in state court by writ of coram nobis. *Caballero v. Keane,* 42 F.3d 738, 741 (2d Cir.1994); *People v. Bachert,* 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987). Therefore, this claim has not been exhausted and cannot be "deemed exhausted." Accordingly, the issue arises of whether a district court may, in its discretion, consider a petition which contains both exhausted and unexhausted claims. To answer this question requires an analysis of

---

1. Petitioner's reference to the ineffectiveness of his appellate counsel is somewhat cryptic. He claims that "[a] lot of issues were not presented in any court for failure of trial counsel to adequately represent the appellant, this also goes as far as dealing with counsel on appeal as well." *Pro se* petitions are subject to a more lenient standard of review than petitions drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Therefore, I will interpret this petition leniently and read petitioner's claim as raising an issue of ineffectiveness of appellate counsel.

2. When an ineffective assistance of counsel claim concerns only a petitioner's trial counsel, not his appellate counsel, that claim cannot explain petitioner's failure to raise the pertinent issues on appeal and thus does not constitute "cause." *Bossett v. Walker,* 41 F.3d 825, 829 (2d Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995). In this case, however, petitioner argues that the assistance of his appellate counsel, as well as the assistance of his trial counsel, was ineffective.

both the case law and the recent amendments to the habeas corpus statute.

In *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), the Supreme Court held that a district court must dismiss a habeas petition that contains unexhausted as well as exhausted claims. Five years later, in *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), the Supreme Court held that where a state had inadvertently failed to raise the nonexhaustion defense at the district court level, an appellate court was not required to dismiss for failure to exhaust. *Granberry* was extended by the Second Circuit in *Plunkett v. Johnson,* 828 F.2d 954 (2d Cir. 1987), to apply to district courts. That is, the Second Circuit held that "district courts also must exercise their discretion to determine what effect to give to a state's *waiver of the* exhaustion defense [by not raising the issue], and must not adopt a per se rule that in the case of nonexhaustion the petition must be dismissed." *Id.* at 956. But *Plunkett* applies only to cases where a state has waived its exhaustion defense. *See Solomon v. Senkowski,* 778 F.Supp. 197, 198–99 (S.D.N.Y. 1991). The state in this case has not waived its exhaustion defense, but has argued that Loving's petition should be dismissed since many of his claims were not raised in state court. Accordingly, the case law prior to the recent amendments to the habeas corpus statute does not permit me to reach the merits of the petition. *See Caballero v. Keane,* 42 F.3d 738, 740 (2d Cir.1994); *Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir.1991).

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA" or the "Act"), however, amended 28 U.S.C. § 2254(b) to permit courts to deny applications for a writ of habeas corpus on the merits, notwithstanding a petitioner's failure to exhaust state remedies. Pub.L. No. 104–132, § 104, 110 Stat. 1214, 1218 (1996) (codified at 28 U.S.C. § 2254(b)(2)) The AEDPA was signed into law on April 24, 1996, after petitioner had filed this petition. While the portion of the AEDPA that creates new procedures for death penalty litigation explicitly states that the procedures are not to apply retroactively, *see* AEDPA § 107(c), 110 Stat.

1226, the AEDPA is silent with respect to the retroactivity of provisions relating to non-capital habeas petitions. The Second Circuit has not yet ruled on whether this particular provision of the habeas corpus amendments should apply to cases pending before the enactment of the statute. *See Reyes v. Keane,* 90 F.3d 676 (2d Cir.1996) (one-year statute of limitations does not apply retroactively but requirement of certificate of appealability does apply retroactively); *Boria v. Keane,* 90 F.3d 36 (2d Cir.1996) (provision setting forth new substantive standard for granting habeas petitions does not apply retroactively). However, the Second Circuit has held that the language of § 107(c), which provides that the new procedures for capital cases shall apply only to cases pending on or after the date of enactment of the Act, does not carry any negative implication for other habeas cases. *Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996).

In *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court set out the standard for determining whether to apply a new statute to cases pending before the statute's effective date. When Congress has not expressly prescribed the statute's proper reach, a court "must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280, 114 S.Ct. at 1505. If, under this standard, application of the statute would have "retroactive effect," then the statute must not be applied to cases involving events which occurred before the statute was enacted. *Id.* In this case, applying the new § 2254(b)(2), which allows a district court to deny a habeas petition on the merits despite nonexhaustion, will not impair petitioner's rights, increase his liability or impose new duties. On the contrary, application of the provision to this already pending case will enable petitioner to achieve his goal of having the merits of his constitutional claims considered by a federal court. This result "effectuates congressional intent, conserves judicial resources, and affords petitioner prompt adjudication of his claim." *Co-*

*wan v. Artuz*, 1996 WL 631726, at *5 (S.D.N.Y.1996) (internal citation omitted); *but cf. Kelly v. Keane*, 1996 WL 640892, at *2 n. 1 (S.D.N.Y.1996). Accordingly, I will consider the merits of Loving's petition.

### 2. Ineffective Assistance of Trial Counsel

The Sixth Amendment guarantees effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970) ("It has long been recognized that the right to counsel is the right to the effective assistance of counsel."). To prevail on a claim of ineffective assistance of counsel, petitioner must satisfy the two-part test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must demonstrate both that his attorney's representation was unreasonable under the "prevailing professional norms," *id.* at 688, 104 S.Ct. at 2065, and that there is a reasonable probability that, but for his attorney's errors, "the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068. See *also United States v. Javino*, 960 F.2d 1137, 1145 (2d Cir.1992), *cert. denied*, 506 U.S. 979, 113 S.Ct. 477, 121 L.Ed.2d 383 (1992). There is a strong presumption that an attorney's strategic decisions were made in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

Petitioner argues, mainly by incorporating his appellate brief, that his trial counsel committed many errors. He contends that while none of the errors taken individually may warrant federal habeas relief, when taken together, they had the cumulative effect of denying him a fair trial. Specifically, petitioner claims that his trial counsel: (1) failed to adequately cross-examine two police witnesses at a pre-trial hearing, did not participate sufficiently in the hearing and did not attempt to argue that the identification of petitioner should have been suppressed; (2) gave an opening statement that was a "rambling, pointless address to the jury" and was essentially a summation; (3) engaged in unprofessional conduct such as "mugging for

the jury," mocking witnesses, making faces and calling the prosecutor a "jerk" in front of the jury; (4) did not properly cross-examine Randy Smalls, the brother of one of the victims, but instead asked unprofessional questions, failed to act with proper decorum following objections and failed to properly impeach the witness with prior convictions while "fumbling for the impact which he never achieved"; (5) was unable to make his point in cross-examining a police officer; (6) did not make enough objections; (7) did not properly emphasize an exculpatory statement by petitioner's brother; (8) made a spurious legal argument concerning a "spoilation of evidence" charge; (9) gave a rambling summation in which the attorney did not logically argue the evidence to the jury; (10) failed to object to inflammatory remarks by the prosecutor; and (11) failed to preserve many appealable issues.[3]

■ Most of these are not errors at all, but reasonable tactical decisions. With respect to the pre-trial hearing that petitioner complains about, a review of the record demonstrates that the trial counsel provided very effective representation. Counsel moved to suppress identification testimony, obtained a pre-trial identification hearing, represented petitioner at the hearing, cross-examined the two police officer witnesses briefly, and argued to the court that there was no probable cause for petitioner's arrest. (Tr. of Hearing dated 9/13/90.)

■ Counsel's failure to make objections during the trial is another example of a tactical decision. A reasonable attorney might well choose not to antagonize the jury by making unnecessary objections. Furthermore, petitioner does not point to any evidence that should have been objected to, nor does a review of the record reveal any instance in which an objection clearly should have been made.

Similarly, the opening and closing statements were not deficient under prevailing professional norms. Petitioner himself says that the opening statement "did no specific damage to the defense," and that in his summation the trial counsel "did review the evi-

---

**3.** The final two items listed were not mentioned by petitioner in his appellate brief, but are listed in the petition.

dence, and commented throughout on each witness." (Appellant's Br. at 11, 30–31, Attach. to Pet.)

The other examples given by petitioner also do not demonstrate deficient performance of counsel. While petitioner complains that his trial counsel did not achieve the desired "impact" when cross-examining two witnesses, Randy Smalls and Police Officer Tennant, the record demonstrates that counsel vigorously attacked their credibility. (Tr. at 141–71, 171–87, 281–90.) The claims that counsel did not properly emphasize one witness's statement and that counsel made a spurious legal argument do not demonstrate inadequate performance. The claims that trial counsel failed to object to inflammatory remarks and failed to preserve many appealable issues are not expanded upon by petitioner and are not supported by a review of the record.

■ Petitioner appears to recognize that none of the above-mentioned "errors" rises to the level of a constitutional violation. He admits that the trial record "presents no single glaring error of commission or omission by the defense." (Appellant's Br. at 3, Attach. to Pet.) Instead of relying on a single act or omission of counsel, petitioner argues that the attorney's performance "taken as a whole" was ineffective. It is in this context that petitioner emphasizes the trial counsel's "unprofessional conduct before the jury" in addition to the other acts listed above. (Appellant's Br. at 3, Attach. to Pet.) It is true that petitioner's lawyer engaged in certain improper behavior. He called the prosecutor a "jerk" in front of the jury. (Tr. 209.) The judge admonished him more than once for making faces and repeating answers of witnesses in a mocking tone. (Tr. 184–87, 242.) But these actions, while unprofessional, did not deprive petitioner of meaningful and effective representation. The record demonstrates that throughout the case, the trial counsel vigorously represented petitioner. The representation may have been overzealous at times. But ultimately, the tactics chosen by the trial counsel succeeded in obtaining for petitioner an acquittal on the most serious charge of murder in the second degree.

Furthermore, under the *Strickland* standard, petitioner must show not only that his trial counsel's performance was deficient, but also that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068–69. Petitioner has not made such a showing. Consideration of the record as a whole demonstrates that petitioner received a fundamentally fair trial. Petitioner admitted that he was present at the street fight and fired a gun into the air. (Tr. 411–12.) Three witnesses testified that they saw petitioner shoot two men, including Ralph Smalls. (Tr. 132–34, 196–99, 224–25, 336–37.) There was testimony that petitioner then began chasing Michael Brandy, after which two witnesses heard additional gunshots. (Tr. 134, 200–01.) There was clearly sufficient evidence for the jury to find petitioner guilty. None of the items listed above was sufficiently prejudicial to affect the probable outcome of the trial.

### 3. Ineffective Assistance of Appellate Counsel

The *Strickland* standard applies to claims of ineffective assistance of appellate counsel as well as to claims of ineffective assistance of trial counsel. *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994). Accordingly, Loving must demonstrate both: (1) that his attorney's representation on appeal was unreasonable under prevailing professional norms; and (2) that there is a reasonable probability that, but for his attorney's errors, the result of the appeal would have been different.

■ Loving's only description of his appellate attorney's ineffectiveness is the following: "A lot of issues were not presented in any court for failure of trial counsel to adequately represent the appellant, this also goes as far as dealing with counsel on appeal as well." (Pet. at 6.) Conclusory allegations without specific factual allegations supporting the conclusions are insufficient for habeas corpus relief. *United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir.1994); *Cowan v. Artuz,* 1996 WL 631726 (S.D.N.Y.1996). In any case, a review of the appellate brief filed on petitioner's behalf shows no inadequacies. In the brief, the appellate counsel presented

a clear and cogent argument detailing specific instances that he argued demonstrated trial counsel's ineffectiveness. The appellate counsel also emphasized the prejudicial atmosphere of the trial as a whole. Petitioner has not shown that his appellate counsel omitted any nonfrivolous issues from his brief, let alone any "significant and obvious issues." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994), *cert. denied*, 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994). Nothing in the record suggests that the appellate counsel's representation was in any way deficient. Furthermore, Loving has not pointed to anything suggesting a reasonable probability that the Appellate Division's holding with respect to the effectiveness of trial counsel would have been different had his appellate counsel raised different issues.

### Conclusion

For the foregoing reasons, the petition is denied. Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED.