■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, BENJAMIN BEEKMAN, Appellant. [597 NYS2d 519] —Casey, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered March 9, 1992, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and criminal sale of a controlled substance in the third degree.

Defendant's judgment of conviction stems from his plea of guilty to the first count of indictment No. 191-27 charging burglary in the second degree (allegedly committed on or about Feb. 20, 1991) and a plea of guilty to the first count of indictment No. 391-11 charging criminal sale of a controlled substance in the third degree (committed on or about Feb. 15,

1991). Pursuant to his plea bargain, defendant received concurrent prison sentences of 7½ to 15 years as a predicate felon.

On this appeal, defendant's chief claim is that County Court erred in denying his motion to suppress his statement made to Police Officer Gary Maher on February 24, 1991 at the police station because it was taken in violation of his constitutional right to counsel. It is conceded that defendant was brought to the police station from the County Jail at about 9:45 A.M. on February 24, 1991 at Maher's request so that the officer who was investigating the subject crimes could talk to defendant. Prior to the questioning, Maher informed defendant of his *Miranda* rights and obtained a waiver of those rights. As a result of the questioning, defendant made certain statements.

Defendant requested *Huntley* and *Wade* suppression hearings, which were held. At the commencement of the *Huntley* hearing, defendant requested, through his assigned counsel, the opportunity to retain an attorney of his own choosing and, in fact, indicated that he had an appointment with an attorney the following day. County Court denied defendant's request for an adjournment for that purpose. After the denial of the suppression motion, defendant entered a plea of guilty pursuant to a negotiated plea bargain.

Relying upon *People v Rogers* (48 NY2d 167), defendant claims that inasmuch as defendant was brought from the County Jail to the police station, Maher should have known that defendant was in custody and should have made reasonable inquiry as to whether defendant was represented by counsel. Defendant can succeed on this claim only if his right to counsel had been invoked on the charges on which he was taken into custody *(see, People v Bing,* 76 NY2d 331, 350) and, once the People go forward to justify the police interrogation, which was done here, "it is the defendant's burden to show that he was, in fact, represented by counsel on the earlier charge at the time of interrogation" *(People v Rosa,* 65 NY2d 380, 387). The *Huntley* hearing record contains no evidence that defendant was represented by counsel on charges for which he was taken into custody and, therefore, his claim must be rejected *(see, People v Brown,* 174 AD2d 842).

Defendant also contends that County Court erred in denying his request for an adjournment at the beginning of the *Huntley* hearing so that he could retain private counsel, a request that defendant renewed 13 days later just prior to the commencement of the trial on indictment No. 191-27. We see no

abuse of discretion in County Court's ruling *(see, People v Williams,* 167 AD2d 491, 492, *lv denied* 77 NY2d 845). The judgment should be affirmed.

Weiss, P. J., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed.