Benjamin BEEKMAN, Petitioner,

v.

Peter J. LACY, Superintendent at Bare
Hill Correctional Facility,
Respondent.

No. 94–CV–0154.

United States District Court,
N.D. New York.

March 5, 1996.

Benjamin Beekman, Malone, New York, pro se.

G. Oliver Koppell, Attorney General for State of New York, Steven H. Schwartz, Associate Attorney, Office of Attorney General of State of New York, Department of Law, Albany, New York, for Respondent.

## OPINION AND ORDER

KOELTL, District Judge [1]:

Petitioner Benjamin Beekman, who is presently incarcerated at Bare Hill Correctional Facility in Malone, New York, petitions *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 19, 1992, Beekman pleaded guilty in the New York State Supreme Court, Schenectady County (Harrigan, J.) to one count of burglary in the second degree and one count of criminal sale of a controlled substance in the third degree in two separate indictments. On March 9, 1992, Beekman was sentenced as a predicate felon to concurrent terms of imprisonment of 7½ to 15 years. The Appellate Division, Third Department, affirmed the convictions, *People v. Beekman,* 193 A.D.2d 842, 597 N.Y.S.2d 519 (3rd Dep't 1993), and the New York Court of Appeals denied leave to appeal. *People v. Beekman,* 82 N.Y.2d 713, 602 N.Y.S.2d 810, 622 N.E.2d 311 (1993).

### I.

The record submitted in connection with the present application, including the record on appeal submitted for Beekman's direct appeal to the Appellate Division, Third Department, discloses the following facts. Beekman pleaded guilty to charges contained in two separate and unrelated indictments. The first indictment, 391–11, alleged that on or about February 15, 1991, at two separate locations in the City of Schenectady, Beekman knowingly and unlawfully possessed and sold cocaine. The second indictment, 191–27, alleged that on or about February 20, 1991, Beekman and two codefendants burglarized and damaged a residence located at 519 Plymouth Avenue in the City of Schenectady and, while doing so, robbed the homeowner. The claims raised in this petition relate solely to the burglary charges.

---

**1.** Pursuant to the authorization of Chief Judge Jon O. Newman of the Court of Appeals for the Second Circuit, this case was transferred from the Northern District of New York to this Court for the purpose of disposing of the pending motion by order of Chief Judge Thomas J. McAvoy of the Northern District of New York.

On February 24, 1991, Beekman was transported from the Schenectady County Jail to Schenectady Police headquarters to be questioned by Investigator Gary L. Maher of the Schenectady Police Department. Maher had no idea why Beekman was in the County Jail. Maher obtained a waiver of the right to counsel from Beekman and took a statement from him regarding the events of February 20th. The statement was reduced to writing and signed by Beekman. A photograph of Beekman was taken and later used in a photo-array from which the victim identified Beekman as one of his assailants.

Beekman was arraigned on Indictment 191–27 (the burglary charge) on April 8, 1991, and on Indictment 391–11 (the drug possession and sale charge) on May 2, 1991, and he pleaded not guilty on all counts. He was represented at both arraignments by an attorney from the Schenectady County Public Defender's Office. Following arraignment, Beekman moved to suppress his oral and written statements, as well as any in-court identification with respect to the burglary charges in Indictment 191–27. On January 30, 1992 and February 3, 1992, *Huntley* and *Wade* suppression hearings were conducted before County Court Judge Clifford T. Harrigan. Judge Harrigan ruled the statements and the identification admissible at trial.

Beekman had been represented since his arraignment by an attorney from the Schenectady County Public Defender's Office. Immediately prior to the January 30th hearing, Beekman requested, but was denied, an adjournment in order to secure retained counsel. On February 19, 1992, just prior to trial, Beekman again requested an adjournment to retain counsel. The Court again rejected Beekman's request. Following further consultation with his assigned counsel, Beekman entered the plea of guilty described above. Judgment was entered, and Beekman was sentenced to two concurrent indeterminate terms of 7½ to 15 years.

Beekman presents three grounds in support of his petition for habeas corpus. First, Beekman argues that he was improperly interrogated by police investigator Maher without counsel present, and that his oral and written statements resulting from that interrogation should have been suppressed. Second, Beekman argues that his request for a continuance to engage new counsel was improperly denied by the trial judge. Third, Beekman argues that he was denied the effective assistance of counsel because his attorney failed to take steps to suppress the statements he made to the police investigator and failed to preserve the issue for appeal.

After reviewing the petition, the State's opposition papers, the relevant authorities, and the record of proceedings in state court, I find that none of the grounds cited by the petitioner are sufficient to warrant relief under 28 U.S.C. § 2254. Accordingly, the petition is denied.

## II.

Relief under 28 U.S.C. § 2254 cannot be granted to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). In order to satisfy the exhaustion requirement, "a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'" *Bossett v. Walker,* 41 F.3d 825, 828 (2d Cir.1994) (quoting *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990), *cert. denied,* — U.S. —, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995)). *See also Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Blissett v. Lefevre,* 924 F.2d 434, 438 (2d Cir.), *cert. denied,* 502 U.S. 852, 112 S.Ct. 158, 116 L.Ed.2d 123 (1991). Here, Beekman has exhausted his state court remedies on the first two grounds of his habeas petition because he presented those issues in his direct appeal from his conviction. The Appellate Division's affirmance of the conviction and the Court of Appeals' denial of leave to appeal satisfies the exhaustion requirement. *See Williams v. Smith,* 591 F.2d 169, 171 (2d Cir.), *cert. denied,* 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289 (1979). Beekman's third basis for this petition, however, has not been raised before a New York State court,

either on direct appeal or by means of a motion to vacate the judgment under N.Y.Crim.Proc.Law. § 440.10 (McKinney's 1994). Therefore, it appears that Beekman has failed to exhaust his state remedies with respect to his claim of ineffective assistance of counsel.

As a general matter, a petition that contains both exhausted and unexhausted claims may be dismissed entirely without reaching the merits of even the exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Yet the State has not raised Beekman's failure to exhaust as a defense in either its Answer to the petition, or its Memorandum of Law in opposition. Indeed, the State explicitly acknowledged that Beekman had not raised a claim of ineffective assistance of counsel in his direct appeal. (*See* Resp.Mem.L. at 9.) Despite its awareness of nonexhaustion, the defense was not raised and the State simply attacked Beekman's ineffective assistance of counsel claim on its merits, arguing that it is baseless.

The Court of Appeals for the Second Circuit has held that a district court need not dismiss the entire petition for nonexhaustion where the nonexhaustion defense is avoided by the State and the unexhausted claim is without merit. *See Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir.1987). In *Plunkett* the State represented to the district court that the petitioner had exhausted all of his claims, when in fact his jurisdictional claim had never been raised and could have been brought under N.Y.Crim.Proc.L. § 440.10. *Id.*, 828 F.2d at 955. Relying on *Rose*, the district court dismissed the entire petition under the total exhaustion doctrine. *Id.* The Court of Appeals disagreed with the district court's view that a failure to exhaust precluded it from reaching the merits notwithstanding the State's apparent waiver of the nonexhaustion defense. The Court found this approach at odds with the Supreme Court's decision in *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

In *Granberry* the Supreme Court was faced with the question of how a court of appeals should approach an appeal of the dismissal of a habeas petition for nonexhaus-

tion when the State does not raise the issue of nonexhaustion before the district court. After reviewing *Rose* and the principles underlying the exhaustion requirement, the Court explained that:

> When the State answers a habeas corpus petition, it has a duty to advise the district court whether the prisoner has, in fact, exhausted all available state remedies. As this case demonstrates, however, there are exceptional cases in which the State fails, whether inadvertently or otherwise, to raise an arguably meritorious nonexhaustion defense. The State's omission in such a case makes it appropriate for the court of appeals to take a fresh look at the issue. The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim.

*Granberry*, 481 U.S. at 134, 107 S.Ct. at 1675. The Supreme Court then set forth the appropriate inquiry for a court of appeals faced with a habeas petition appeal:

> [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith.

*Id.*, 481 U.S. at 135, 107 S.Ct. at 1675. *See Sanders v. Sullivan*, 863 F.2d 218, 220–22 (2d Cir.1988) (applying *Granberry*, refusing to remand to state court on unexhausted claim where state failed to raise nonexhaustion defense and evidentiary hearing had already been conducted in district court).

In *Plunkett* the Court of Appeals for the Second Circuit both followed and amplified *Granberry*. With respect to the appeal before it, the Court applied *Granberry* and affirmed on the merits, finding that the petitioner "presented no colorable federal claim." *Plunkett*, 828 F.2d at 956. The Court also

held that the rationale of *Granberry* should apply in the district courts as well.

> When a [district] court is convinced that the petition lacks merit and when the State has waived any exhaustion defense, application of the exhaustion doctrine would merely result in useless litigation in the state courts. When "the applicant does not raise even a colorable federal claim" that is a reason for reaching the merits and denying the petition, for this preserves judicial resources.

*Id.* (citations omitted) (quoting *Granberry*, 481 U.S. at 135, 107 S.Ct. at 1675.) *See Minor v. Henderson*, 754 F.Supp. 1010, 1020 (S.D.N.Y.1991) (applying *Plunkett* ); *Flores v. Scully*, No. 89 Civ. 1527, 1989 WL 123097, at *3 (S.D.N.Y.1989) (same); *Lane v. Le-Fevre*, 705 F.Supp. 88, 92–93 (N.D.N.Y.1989) (same); *see also Solomon v. Senkowski*, 778 F.Supp. 197, 198–99 (S.D.N.Y.1991) (Mukasey, J.) (recognizing *Plunkett* but not applying where State had not waived nonexhaustion defense).

### III.

■ Under the circumstances of this petition, there can be no doubt that the State has waived the nonexhaustion defense. The State's brief refers explicitly to Beekman's failure to pursue a claim on direct appeal based on ineffective assistance of counsel, and yet the State does not urge that the claim be dismissed for failure to exhaust state court remedies. The State was plainly aware of the nonexhaustion issue but chose not to raise it as a defense. In fact, the form petition completed by Beekman lists two grounds for appeal under item 9, indicates that no previous petitions aside from direct appeal had been made previously in either state or federal court, and lists three grounds for habeas relief under items 12(A), (B), and (C). (*See* Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody, dated Jan. 18, 1994, signed by Benjamin Beekman, filed Feb. 7, 1994.) There can be no doubt that the State's omission of the nonexhaustion argument from its papers was not inadvertent.

Given the State's waiver of the nonexhaustion defense, the question becomes whether Beekman's claim of ineffective assistance of counsel presents even a colorable federal claim. I find that it does not. Therefore, the interests of comity, federalism, and judicial economy would not be served by dismissing this petition which raises three claims, all of which have been fully briefed, and allowing the state courts to consider the one unexhausted and plainly meritless claim of ineffective assistance of counsel. The State does not raise the nonexhaustion defense, and, pursuant to *Plunkett* and *Granberry*, I will dismiss the meritless claim.

■ To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate: first, not simply that his trial counsel erred, but that the errors were outside the wide range of professionally competent assistance prevailing at the time of trial; and, second, that the attorney's performance prejudiced his defense. *Kimmelman v. Morrison*, 477 U.S. 365, 374–75, 106 S.Ct. 2574, 2582–83, 91 L.Ed.2d 305 (1986); *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir.), *cert. denied*, ––– U.S. –––, 115 S.Ct. 232, 130 L.Ed.2d 156 (1994). Here, Beekman has not begun to show either.

■ The claim of ineffective assistance of counsel is based on the argument that Beekman's trial counsel failed to take appropriate steps to suppress the fruits of the police interrogation that Beekman claims was improperly conducted in the absence of counsel. Beekman also asserts that his trial counsel failed to preserve this issue for his direct appeal. Beekman relies principally on *People v. Rogers*, 48 N.Y.2d 167, 422 N.Y.S.2d 18, 397 N.E.2d 709 (1979), and similar cases, which provide that, under New York law, a person who is in custody and who is either represented by or has requested counsel on one charge, cannot be interrogated in the absence of counsel on any other matter, whether related or unrelated. *See also People v. Bing*, 76 N.Y.2d 331, 339, 559 N.Y.S.2d 474, 478, 558 N.E.2d 1011 (1990).

Beekman's trial counsel did in fact attempt to suppress the statements and conducted an examination at the suppression hearing in an

effort to establish that Beekman was in custody at the time the statements were made, relying in part on the fact that Beekman was brought to the interrogation room by police officers who had accompanied him there from the County Jail. There was ultimately no evidence introduced at the hearing, however, that Beekman was actually in custody prior to the time he gave his statements. As explained below, Beekman has made it clear that he was not at the County Jail because he was in custody, but rather because he was visiting his wife. The evidentiary hearing established that the interrogating officer explained Beekman's rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Beekman specifically signed a waiver of those rights. The interrogating officer indicated that Beekman could leave at any time and did not indicate in any way that Beekman was not free to leave. (*See* Tr. dated Jan. 30, 1992 at 41–42.) The trial court found that the statements were voluntarily made and did not violate any of Beekman's constitutional rights. On appeal the Appellate Division found no evidence that "the defendant was represented by counsel on charges for which he was taken into custody. . . ." *Beekman*, 193 A.D.2d at 843, 597 N.Y.S.2d at 520. This Court's independent review also fails to reveal any evidence that Beekman was in custody or was represented by counsel at the time he made the statements. *Compare Thompson v. Keohane*, —— U.S. ——, ——, 116 S.Ct. 457, 465, 133 L.Ed.2d 383 (1995) (requiring objective inquiry into "in custody" determination for purposes of *Miranda* warnings).

Beekman's reliance on *Rogers* suggests that he believes he was in custody on an unrelated matter. This argument is unsupported by the record as well. It is true that Beekman was at the County Jail just prior to being asked to come to the Schenectady Police Department to answer questions, but there is no evidence that he had been in custody on another charge at the County Jail. In fact, Beekman himself explains in his papers supporting this petition that the reason he was at the County Jail was to pay a visit to his wife. (*See* Affidavit of Benjamin Beekman, sworn Jan. 23, 1994, at 3; *see also* Resp.Mem.L. at 6, Resp.Br. on Appeal to Third Dep't, at 5 n. 2. (providing the same explanation).)

The basic elements of petitioner's allegation of ineffective assistance of counsel are simply not supported by the record. His counsel did seek to suppress the statement and conducted a thorough cross-examination of the interrogating officer. It is true that counsel did not call any witnesses or introduce any documents, but he did consult with Beekman following the cross-examination, and, in any event, Beekman does not suggest any witnesses or documents that would have supported his claim. Similarly, while Beekman alleges that his counsel failed to preserve the suppression issue for appeal, all of the arguments Beekman now makes for suppression of the statement were in fact made to the Appellate Division which rejected them on the merits. There is no basis for concluding that the record was not preserved.

Hence, Beekman has failed to present a colorable claim that his trial counsel's performance was either unreasonable or prejudicial in any way. *See Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064–65 (habeas challenge based on ineffectiveness of counsel must demonstrate performance below objective standard of reasonableness and reasonable probability that, but for counsel's deficiencies, outcome would have been different). Beekman's claim that his trial counsel was ineffective in this regard cannot form the basis for relief. Indeed, given the fact that the thrust of this argument is that Beekman's trial counsel failed to establish his right to the presence of an attorney during his interrogation as a matter of New York law, and given that the Appellate Division specifically reviewed this argument under New York law on appeal and rejected it, Beekman could not establish that his defense was in any way prejudiced by his trial counsel's handling of this ultimately unmeritorious argument. *Cf. Farinaro v. Kirk*, 675 F.Supp. 75, 82 (E.D.N.Y.1987) (rejecting ineffectiveness of counsel claim based on failure to move for suppression of post-arrest statements under *Rogers*); *Bellamy v. Cogdell*, 802 F.Supp. 760, 770–71 (E.D.N.Y.1991) (rejecting ineffectiveness of counsel claim based on failure to cite authori-

ty for suppression of in-custody statements where petitioner was never in custody).

■ Because Beekman's third claim for habeas relief does not present a colorable federal claim, and because the State has waived the nonexhaustion defense, principles of comity, federalism, and judicial efficiency suggest that this petition be considered notwithstanding the general rule that petitions containing unexhausted claims ought to be remanded under *Rose* for proceedings in state court. Therefore, I reach the merits on each of the petitioner's three claims for relief. Having already determined the third should be dismissed as wholly without merit, I proceed to the other two claims.

### IV.

■ Beekman first argues that the interrogation conducted in the absence of counsel violated his right to counsel notwithstanding his written waiver. As discussed above, Beekman argues that he was in custody and represented by an attorney and that the interrogation was therefore improper, relying on *People v. Rogers*, 48 N.Y.2d 167, 422 N.Y.S.2d 18, 397 N.E.2d 709 (1979), and *People v. Bing*, 76 N.Y.2d 331, 559 N.Y.S.2d 474, 558 N.E.2d 1011 (1990). Beekman raised this argument on his direct appeal without success. *See Beekman*, 193 A.D.2d at 843–44, 597 N.Y.S.2d at 520.

■ On a petition for federal habeas relief, a district court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). *See* 28 U.S.C. § 2254(a). Beekman's first claim is alleged, correctly, only under New York law, and not under federal law. The record clearly indicates that no formal proceedings had begun against Beekman. Consequently, no Sixth Amendment right to counsel had yet attached. *See Moran v. Burbine*, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Furthermore, even if Beekman's right to counsel had attached, he was fully apprised of his rights and waived those rights in writing prior to the interroga-

tion. *See Patterson v. Illinois*, 487 U.S. 285, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988). Similarly, there is no allegation that Beekman's Fifth Amendment rights under *Miranda* were violated—an absence that comports with the undisputed record that the interrogating officer explained those rights to Beekman who then signed a written waiver.

The New York cases on which Beekman relies make clear that the right he is asserting is broader under New York law than under federal law. As the New York Court of Appeals explained in *Bing:*

> There are two well-defined situations in which the right is said to attach indelibly under the State Constitution and a waiver, notwithstanding the client's right to waive generally, will not be recognized unless made in the presence of counsel. The first, similar to the Federal right, deals with waivers after formal proceedings have commenced. The second, *recognized only in New York,* relates to uncharged individuals in custody who have retained or requested an attorney. Police authorities may not question them in the absence of counsel.

*Bing,* 76 N.Y.2d at 339, 559 N.Y.S.2d at 478, 558 N.E.2d 1011 (citations omitted) (emphasis added). *See United States v. Broccolo,* 797 F.Supp. 1185, 1196 (S.D.N.Y.1992) ("Under the law of this Circuit, in contrast to … the law of the State of New York [citing *Bing* ], a suspect has no indelible Sixth Amendment right to counsel which requires the presence of counsel in order for a waiver of such right to be recognized.").

Beekman's challenge to the interrogation conducted at the Schenectady Police Department is based on a right available to him only under New York law, if at all, and not under federal law. Such a challenge cannot be the basis for relief under 28 U.S.C. § 2254. Accordingly, the petitioner's first claim is denied.

### V.

■Beekman's second claim for relief is based on the trial court's denial of his applications for a continuance. Beekman argues that he needed the continuances in order to retain new counsel and that the trial court

erred by not making an inquiry into the basis upon which new counsel was requested.

 It is within the trial court's discretion whether to grant an adjournment. *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616–17, 75 L.Ed.2d 610 (1983); *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849–50, 11 L.Ed.2d 921 (1964). "To show an abuse of that discretion, the defendant must demonstrate that the court's denial of a continuance was arbitrary and substantially impaired his defense." *United States v. King*, 762 F.2d 232, 235 (2d Cir.), *cert. denied*, 475 U.S. 1018, 106 S.Ct. 1203, 89 L.Ed.2d 316 (1985). Whether there has been an abuse of discretion is dependant on the facts of each individual case, particularly "the reasons presented to the trial judge at the time the request is denied." *Ungar*, 376 U.S. at 589, 84 S.Ct. at 850 (citing *Nilva v. United States*, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed.2d 415 (1957)).

In the present petition, the record reveals that the trial court made adequate inquiries concerning Beekman's requests for continuances and did not abuse his discretion in denying them. Beekman was arraigned on the burglary indictment on April 8, 1991. He was represented by the Schenectady County Public Defender's Office. That representation continued—without complaint by Beekman—throughout pretrial proceedings. On January 30, 1992, many months after he began to be represented by the Public Defender's Office, just as a suppression hearing in his case was about to commence, Beekman first informed the court through his appointed counsel that he wished to retain other counsel. He requested an adjournment of the hearing, stating that his wife had an appointment to speak with another attorney the following day about representing him. Beekman did not express any dissatisfaction with his appointed counsel from the Public Defender's Office, nor did he express any basis for any such dissatisfaction. The State indicated its willingness to proceed and explained that its witness was present. Judge Harrigan noted that Beekman was more than adequately represented by the Public Defender's Office, that the suppression hearing had been scheduled for some time, and that

it was the first time he had heard anything about another attorney being involved. Beekman's request for an adjournment was denied. Of course, Beekman remained free to make whatever arrangements he wished to retain new counsel.

A few weeks later, on February 19, 1992, the day fixed for jury selection, Beekman made a *pro se* application to have a new attorney represent him. The trial court inquired about Beekman's reason for wanting new counsel, to which Beekman replied that his appointed counsel from the Public Defender's Office had told him he could not win at trial and would not follow his instructions. (*See* Tr. dated Feb. 19, 1992 at 4.) The trial court then explained that appointed counsel was merely conveying the district attorney's plea bargain offer and rendering advice with respect to the offer. (*See* R. at 89; Tr. at 5.) Beekman said that his minister was supposed to be arranging for new counsel. (*Id.*) The court then explained that the application for a continuance was denied and continued with the pretrial proceedings. (*Id.*) Some time later in the session, following a consultation with his counsel and members of his family, Beekman decided to accept the district attorney's plea offer and enter a guilty plea. (R. at 93–94; Tr. at 9–10.)

On this record, the denials of Beekman's applications for a continuance were not "unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay ...'" *Morris*, 461 U.S. at 11–12, 103 S.Ct. at 1616–17 (quoting *Ungar*, 376 U.S. at 589, 84 S.Ct. at 849); *see also U.S. v. Hurtado*, 47 F.3d 577, 584 (2d Cir. 1995) (trial court did not abuse discretion by denying repeated requests for continuances to prepare for trial). The application was made for the first time immediately before a pretrial proceeding after Beekman had been represented for about ten months by counsel about whom he had not expressed any dissatisfaction. Beekman's counsel had performed satisfactorily up until that point. When Beekman repeated his request for a continuance two-and-a-half weeks later on the eve of trial, there were even stronger reasons for denying the request. Beekman's appointed counsel had continued to perform satisfacto-

rily. Indeed, Beekman was facing a potential prison term of 25 years to life, and his appointed counsel had managed to negotiate a plea bargain of 7½ to 15 years. Moreover, Beekman provided no reason sufficient to justify a delay to obtain a replacement before proceeding. If Beekman was interested in retaining new counsel, and not simply delaying the proceeding, he could have obtained such counsel before the day of trial. Presented with this record, the trial court was well within its discretion, following its inquiries, in denying Beekman's application for a continuance to retain new counsel. Accordingly, the petitioner's second claim for habeas relief is denied.

## CONCLUSION

For the foregoing reasons, each of the petitioner's three claims for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is **denied** on their merits. The petition is dismissed.

**SO ORDERED.**