**UNITED STATES of America,**

v.

**Mahlof BEN–SHIMON, Defendant.**

No. 99–CR–452.

United States District Court,
N.D. New York.

March 2, 2000.

Daniel J. French, U.S. Attorney, Northern District of New York, Albany, NY

(Richard S. Hartunian, Asst. U.S. Attorney, of counsel), for U.S.

Mahlof Ben–Shimon, Oriskany, NY, pro se.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

Defendant Mahlof Ben–Shimon ("defendant") was charged in a ten count indictment with Conspiracy to Provide and Possess Contraband in Prison, in violation of 18 U.S.C. §§ 371 and 1791 (Count One), Possessing Prohibited Objects in Prison, in violation of 18 U.S.C. §§ 2 and 1791 (Counts Two through Six), and Providing Prohibited Objects in Prison, in violation of 18 U.S.C. §§ 2 and 1791 and (Counts Seven though Ten). Specifically, the indictment alleged that the defendant, together with other inmates, conspired to smuggle various items of drug contraband into the Federal Correctional Institution at Ray Brook, New York, and distribute such items to other inmates.

Prior to the commencement of trial, a pretrial hearing was held, wherein the defendant indicated that he wished to terminate his assigned counsel, Robert Malloy, Esq., and proceed pro se. The defendant's request was granted but Mr. Malloy was ordered to remain as standby counsel. Mr. Malloy conducted the vast majority of the defense at trial.

On January 13, 2000, the defendant was convicted of four of the ten counts contained in the indictment after a four-day jury trial in Utica, New York. The defendant was instructed that since he had fired his attorney, any post-trial motions were his responsibility, not Mr. Malloy's.

On January 19, 2000, the defendant filed a "Post–Trial Motion To Dismiss The Indictment Based Upon These Grouds (sic) Or Declare Mistrial." Docket No. 50. The defendant alleges twelve grounds for his motion. The government opposes.

This matter has been submitted for decision without oral argument.

## II. DISCUSSION

### A. Ground One: Verdict Form

The defendant first argues that the verdict form language was inaccurate as to each count charged in the indictment and therefore "[t]he jury never found the defendant guilty on his original indictment." (Def.'s Post-trial Mot. to Dismiss at 1.) However, a review of the indictment and the verdict form reveals that contrary to the defendant's claim, the verdict form carefully and accurately tracked the language contained in the indictment with respect to each count charged.

### B. Grounds Two, Four, and Six: Transcript of a Tape Recording

In ground two, the defendant claims that the transcript of an October 7, 1998 tape recording was erroneously sent to the jury room during deliberations without court approval. The defendant argues in ground six that certain unspecified evidence was improperly admitted into the jury room. Id. at 3. Notwithstanding the fact that the defendant claims in ground two that the transcript was submitted to the jury room without court approval and conversely claims in ground six that it was submitted with court approval, the defendant's argument is belied by the fact that when he asserted this claim at trial, the courtroom deputy clerk held up the exhibit as evidence that he had possession of the transcript and that it was not in the jury room. In addition, defendant's claim is belied by the fact that while deliberating, the jury requested permission to look at the transcript again. Thus, if the jury was in possession of the transcript, they would not have needed to request permission to view it.

The defendant argues in ground four that the jury was not given "the correct instruction with regard to the indictment that would establish a verdict of not-guilty

in regards to the exhibit that the government admitted into evidence in the jury deliberation." *Id.* at 2. It is unclear what the defendant is asserting here. Presumably, defendant is challenging the instruction given to the jury with respect to the weight to be accorded the transcript. The jury was instructed on more than one occasion that the transcript was merely a demonstrative aid and that the jury's understanding of what was contained on the tape controlled. The defendant has not specified what was improper about this instruction, nor how he was prejudiced by such an instruction.

### C. *Ground Three: Tape Recording*

The defendant claims that a miscarriage of justice occurred in allowing the jury to listen to the tape recording and review the transcript in open court rather than in the jury room during deliberations. The defendant does not allege why this procedure was improper or how he was prejudiced. In addition, it should be noted that the tape recording was properly authenticated through the testimony of Special Agent Joseph LeStrange, and steps were taken to ensure that the jurors were able to hear the tape recording. Moreover, the copies of the transcript which were utilized by the jury while listening to the tape were collected after they were done listening, so that the transcript would not be taken into the jury room.

### D. *Ground Five: Pretrial Conference*

■ The defendant claims that he did not receive a fair trial because he was denied a pretrial conference. However, on January 10, 2000, the morning of trial, a pretrial hearing was held wherein the defendant, inter alia, voiced his dissatisfaction with the representation being provided by Mr. Malloy; moved to fire Mr. Malloy, which was granted; and moved for an adjournment. Thus, defendant was given ample opportunity at that time to discuss any pretrial issues.

### E. *Ground Seven: Adjournment*

■ Defendant also challenges the denial of his request for an adjournment. Whether to grant an adjournment is within the trial court's discretion and "will not be disturbed unless a clear abuse is shown." *United States v. Pascarella,* 84 F.3d 61, 68 (2d Cir.1996); *Beekman v. Lacy,* 918 F.Supp. 57, 64 (N.D.N.Y.1996).

■ In the present case, the defendant requested an adjournment on the morning of trial and after his motion to proceed pro se was granted. The defendant claimed that he was not prepared to proceed pro se. However, defendant's challenge is rejected. First, in addition to providing defendant's assigned counsel with relevant materials for trial, the government had also provided the defendant with copies of such materials well in advance of trial. In addition, defendant had requested on several prior occasions to represent himself and should have been prepared to do so. Finally, each time the defendant requested to proceed pro se, including the day of trial, he was warned of the consequences of that decision. One such consequence was that the defendant was expected to be prepared to represent himself.

### F. *Grounds Eight, Nine and Ten: Evidence of a Controlled Substance*

■ The defendant argues that: (1) the government did not produce an exhibit of a controlled substance or narcotic drug; (2) the forensic chemist who testified at trial did not testify that the items he tested were conclusively determined to be controlled substances or narcotic drugs; and (3) the jury was not instructed "with regard to the indictment as to whether it was a controlled substance or a narcotic drug." *Id.* at 4. With respect to defendant's first claim, the government did in fact introduce as exhibits several prescription pills and capsules, and packets of drugs. Contrary to defendant's second claim, Lawrence Guisti, Jr., a forensic chemist, clearly established that certain items which were

submitted for his examination tested positive as marijuana and cocaine. Finally, in defendant's third claim, he apparently is alleging that the jury must be instructed as to whether the objects he was charged with possessing and/or providing were controlled substances or narcotic drugs. Defendant's assertion that such a distinction must be made in the instructions to the jury is meritless. The statute which the defendant was charged with violating prohibits, inter alia, possessing and/or providing a "prohibited object." 18 U.S.C. § 1791. The instructions to the jury adequately explained that "prohibited objects" include the narcotic drug cocaine and the controlled substance marijuana.

### G. *Ground Eleven: Government Failed to Produce Witness Statements*

█ The defendant claims that the government violated 18 U.S.C. § 3500(b) and Fed.R.Crim.P. 26.2(a) by failing to produce at trial all witnesses' statements and grand jury testimony of all witnesses that testified at trial. However, § 3500(b) states that "[a]fter a witness called by the United States has testified on direct examination, the court shall, *on motion of the defendant,* order the United States to produce any statements ... of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." (Emphasis added); *see also* Fed.R.Crim.P. 26.2(a). The defendant never made a motion for such statements. In addition, the government contends that it provided defendant with these materials and the defendant has presented no evidence to the contrary.

### H. *Ground Twelve: Evidence Did Not Prove Guilt Beyond a Reasonable Doubt*

Finally, the defendant claims that the evidence did not support the charges in the indictment and the government did not prove him guilty beyond a reasonable doubt. However, viewing the evidence in-

troduced at trial and the fact that the jury returned a verdict of "not guilty" on six of the ten counts, thus evidencing its careful and thoughtful consideration of each count contained in the indictment, the jury's verdict will not be disturbed.

### I. *Supplemental Post-trial Motion*

On February 23, 2000, the defendant filed a supplemental post-trial motion to dismiss. Docket No. 55. Notwithstanding the fact that such motion is untimely, the grounds asserted by the defendant have been fully considered and found to be meritless.

### III. *CONCLUSION*

For the foregoing reasons, it is

ORDERED, that defendant's motion and supplemental motion to dismiss the indictment, or alternatively, to declare a mistrial is in all respects DENIED.

IT IS SO ORDERED.