■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE BREAZIL, Also Known as JOHN MATTHEWS, Appellant. [703 NYS2d 264] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 25, 1996, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gary, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The police had a reasonable suspicion to stop and frisk the defendant. A police radio transmission received in the early

morning hours reported a robbery in progress at a stated corner and described the robbers as six black males, one or more of whom were on bicycles. One of these robbers was described as being armed and wearing all-white clothing. Within seconds of hearing the transmission, a police officer arrived at that corner and observed the defendant, who was dressed in all-white clothing and riding a bicycle. The officer was justified in stopping the defendant, as he fit the description of one of the robbers and was in close spatial and temporal proximity to the crime scene at a time when the streets were not busy (*see, People v Sharpe,* 259 AD2d 639; *People v Schollin,* 255 AD2d 465). The pat-down of the defendant for weapons, conducted upon the stop, was justified to ensure the officer's safety since the radio transmission reported that the man dressed in white was armed, it was late at night, and the officer planned to put the defendant inside the patrol car (*see, People v Salaman,* 71 NY2d 869; *People v Sledge,* 225 AD2d 711).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.