THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS DANIELS, Appellant. [776 NYS2d 10]—

Judgment, Supreme Court, New York County (William Wetzel, J.), rendered December 21, 2000, convicting defendant, after a jury trial, of robbery in the second degree (14 counts) and attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to 15 concurrent terms of 25 years to life, and judgment, same court and Justice, rendered August 22, 2001, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a concurrent term of 25 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. The hearing court properly concluded that the officers were justified in stopping the cab in which defendant was riding, based on reasonable suspicion that defendant had recently committed a robbery. Minutes after they heard a police radio broadcast concerning a robbery of a dry cleaning store at a specified place, the police observed defendant, who matched the detailed description of the robber, within a few blocks of both the crime scene and the robber's last known location. Although the testifying officers were not aware of the radio run's source, neither the record nor the hearing court's findings support defendant's assertion that the informant was an anonymous tipster (*compare Florida v J.L.*, 529 US 266 [2000]). Instead, it can be readily inferred that the information emanated from a victim of, or witness to, the robbery. The record also reflects that the officers who stopped defendant were aware that there was a pattern of robberies and that the description matched the perpetrator of these robberies (*cf. People v Herold*, 282 AD2d 1, 5-6 [2001], *lv denied* 97 NY2d 682 [2001]).

The record also supports the hearing court's conclusion that the statements defendant made at the 19th precinct were spontaneous and not the product of interrogation or its functional equivalent. The detective's innocuous declarative statements, made during a brief conversation with defendant that was designed only to calm him down for the ride to another police facility, were not reasonably likely to elicit an incriminating response (*see People v Rivers*, 56 NY2d 476, 480 [1982]; *People v Lynes*, 49 NY2d 286, 294-295 [1980]). In any event, the statements that defendant made at the other location hours later, after *Miranda* warnings, were attenuated from the initial statements (*see People v Chapple*, 38 NY2d 112 [1975]).

At the first trial, the court properly exercised its discretion in ruling that in the event that defendant attempted to portray his

confession to having committed the various charged robberies as false or coerced, the People would be permitted to introduce certain uncharged crime evidence that was highly probative of the reliability and voluntariness of the confession (*see People v Rojas*, 97 NY2d 32, 38 [2001]). Moreover, as the court concluded, the uncharged crime evidence was not particularly prejudicial, given the large number of charged robberies. We note that the court's ruling did not prevent the defense from attempting to undermine the credibility of the testimony of the detectives who interrogated defendant.

We have considered and rejected defendant's remaining claims. Concur—Andrias, J.P., Lerner, Friedman and Marlow, JJ.