■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE BREAZIL, Appellant. [811 NYS2d 704]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Feldman, J.), entered June 24, 2002, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered November 25, 1996, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

On July 17, 1995, a 911 call was received at 2:23 A.M., and relayed to police officers immediately thereafter, that six black men, one wearing all white and some or all of them on bicycles, were robbing one person at a disclosed location in Brooklyn. At 2:27 A.M., the police responded to the disclosed location where they found a black male wearing all white clothing on a bicycle, later identified as the defendant. No one else was at that location. One of the responding police officers stopped and frisked the defendant and recovered, among other things, a gun. The defendant was arrested. Although the complainant failed to identify the defendant at a showup as one of the robbers, ballistics evidence tied the gun recovered from the defendant to one used in an earlier murder. After a pretrial *Mapp* hearing (*see Mapp v Ohio,* 367 US 643 [1961]), the Supreme Court (Gary, J.), denied that branch of the defendant's omnibus motion which was to suppress the gun. The defendant was convicted after a jury trial of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree. The defendant's conviction was thereafter affirmed by this Court on the direct appeal (*see People v Breazil,* 269 AD2d 537 [2000]).

The defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that it was obtained in violation of his Fourth Amendment right to be free from unreasonable searches and seizures (*see* US Const Fourth Amend). The defendant's motion was predicated upon his claim that he was entitled to application of the rule announced in *Florida v J.L.* (529 US 266, 275 [2000]), that an uncorroborated anonymous tip does not supply reasonable suspicion for a stop-and-

frisk within the meaning of *Terry v Ohio* (392 US 1 [1968]). The Supreme Court denied the motion, and this Court granted the defendant leave to appeal.

As an initial matter, the defendant correctly claims, and the People properly concede, that as the decision in *Florida v J.L.* was issued while the defendant's application for leave to appeal to the Court of Appeals from the order of this Court affirming his judgment of conviction was still pending and therefore, before the defendant's conviction became final (*see Schriro v Summerlin*, 542 US 348, 350-351 [2004]; *Caspari v Bohlen*, 510 US 383, 390 [1994]; US Sup Ct rule 13 [1]), the Supreme Court erred in determining that *Florida v J.L.* could not "retroactively" be applied to the defendant's motion to vacate his judgment of conviction. Further, contrary to the People's contention, the defendant's claim is not procedurally barred pursuant to CPL 440.10 (2) (c).

Nonetheless, the defendant's claim that this case is similar to *Florida v J.L.*, and therefore, mandated the granting of his motion to vacate his conviction, is without merit. In *Florida v J.L.*, the United States Supreme Court held that a "stop and frisk" was illegal where it was conducted on the basis of an anonymous report that there was a man with a concealed gun at a specified location. According to the United States Supreme Court, this information constituted "the bare report of an unknown, unaccountable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information about [the defendant]" (*Florida v J.L., supra* at 271). The United States Supreme Court afforded great weight to the fact that the report "does not show that the tipster has knowledge of *concealed criminal activity*" (*Florida v J.L., supra* at 272 [emphasis supplied]). Here, however, the anonymous 911 caller did not report *concealed criminal activity*. Instead, the caller reported, inter alia, a robbery in progress at a specified location, to which the police responded within close spatial and temporal proximity, and where they found the defendant matching the sufficiently specific description given by the caller and no one else at the location (*see People v Breazil, supra* at 538), thereby allowing for the permissible inference that the "information emanated from a . . . witness to [,] the robbery" (*People v Daniels*, 6 AD3d 245, 246 [2004]). Thus, the tip was reliable in "its assertion of illegality, not just in its tendency to identify a determinate person" (*Florida v J.L., supra* at 272). Accordingly, as this case is factually distinguishable from *Florida v J.L.*, and, in any event, meets the test enunciated therein, the branch of the defendant's motion which was to vacate the judgment of

conviction based upon that case and the branch of the defendant's omnibus motion which was to suppress the gun were properly denied (*see People v Daniels, supra*).

The defendant's contention that his conviction should be vacated on the ground that he was denied the effective assistance of counsel is based on arguments raised on his direct appeal (*People v Breazil, supra* at 538), and therefore is not properly before us on this appeal (*see People v Riley*, 22 AD3d 609 [2005]). Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur. [*See* 191 Misc 2d 817 (2002).]