THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE BREAZIL, Appellant. [819 NYS2d 274]—

Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Kings County (Feldman, J.), entered June 24, 2002, which was determined by decision and order of this Court dated January 24, 2006 [25 AD3d 719].

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated January 24, 2006 is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Feldman, J.), entered June 24, 2002, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered November 25, 1996, convicting him of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Justice Florio has been substituted for former Justice Cozier (*see* 22 NYCRR 670.1 [c]).

Ordered that the order entered June 24, 2002 is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a hearing and new determination in accordance herewith.

The defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that the conviction was obtained in violation of his Fourth Amendment right to be free from unreasonable searches and seizures (*see* US Const, 4th Amend). The defendant's motion was predicated upon his claim that he was entitled to application of the rule announced in *Florida v J.L.* (529 US 266, 275 [2000]), that an uncorroborated anonymous tip does not supply reasonable suspicion for a stop-and-frisk within the meaning of *Terry v Ohio* (392 US 1 [1968]). The Supreme Court denied the motion on the ground that *Florida v J.L. (supra)* was not applicable to this case. However, the decision in *Florida v J.L. (supra),* was issued while the defendant's application for leave to appeal from the decision and order of this Court affirming his judgment of conviction was still pending in the Court of Appeals, and therefore, before the defendant's conviction became final (*see Schriro v Summerlin,* 542 US 348, 350-351 [2004]; *Caspari v Bohlen,* 510 US 383, 390 [1994]; US Sup Ct Rule 13 [1]). Therefore, as the People properly concede, the Supreme Court erred in determining that *Florida v J.L. (supra)* could not "retroactively" be applied to the defendant's motion to vacate his judgment of conviction. However, contrary to the People's contention, the defendant's claim is not procedurally barred pursuant to CPL 440.10 (2) (c).

The record of the original suppression hearing is insufficient to determine whether the principles enunciated in *Florida v J.L. (supra)* are applicable to this case. It may be that, as in *Florida v J.L. (supra),* the police stopped the defendant based upon information provided in a call to 911 by an unidentified caller. However, in this case, the defendant was placed in the back seat of a police vehicle to await the arrival of the complainant who was riding with the police in another police vehicle.

Based upon a change in the law, the People should be afforded an opportunity, at a new suppression hearing, to show that the police conduct was lawful (*see People v Crandall,* 69 NY2d 459, 464-465 [1987]). The record of the original suppression hearing indicates that the information in the radio transmission may have emanated from the complainant, who was known to the police (*see People v Daniels,* 6 AD3d 245 [2004]). At the original suppression hearing, the question of the source of the information provided by an unidentified caller to the police and the question of when the police learned of the complainant's existence was not explored. Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and new determination on the motion. Florio, J.P., Goldstein, Fisher and Dillon, JJ., concur.