**Dennis DANIEL, Petitioner,**

v.

**James CONWAY, and the Attorney General of the State of New York, Respondents.**

**No. 05 Civ. 6703(VM).**

United States District Court, S.D. New York.

July 27, 2007.

## DECISION AND ORDER

MARRERO, District Judge.

Pro se petitioner Dennis Daniel ("Daniel") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 21, 2000, Daniel was convicted in New York State Supreme Court, New York County, of fourteen counts of robbery in the second degree and one count of attempted robbery in the second degree. Following a separate jury trial on a different charge involving another incident, Daniel was convicted on August 22, 2001 of one count of robbery in the second degree.[1] For these convictions, Daniel was sentenced to sixteen concurrent, indeterminate terms of twenty-five years to life imprisonment. In his petition, Daniel asserts the following grounds for habeas relief: (1) the trial court erred in denying his motion to suppress evidence obtained following his arrest because (a) the police lacked reasonable suspicion, (b) the police subjected Daniel to custodial interrogation prior to administering *Miranda* warnings, (c) his confessions were coerced and unreliable, as they were not signed or recorded, (d) prosecutors improperly retrieved his physical property during a take-out order which violated his right to counsel and against self-incrimination, and (e) show-up identification testimony was improper and none of the prosecution's witnesses had viewed a lineup; (2) he was denied the right to compulsory process under the Sixth Amendment when five officers who had contact with Daniel during his arrest and interrogation were not called as witnesses at trial; (3) he received ineffective assistance from his trial counsel; and (4) his right to due process and to present a defense to criminal charges were violated when the trial court ruled that fingerprint evidence from an uncharged robbery could be introduced to refute Daniel's claim that his statements to police were fabricated. For the reasons set forth below, Daniel's petition is DENIED.

## I. BACKGROUND[2]

On December 21, 2000, following a jury trial, Daniel was convicted in New York State Supreme Court, New York County (the "trial court"), of fourteen counts of robbery in the second degree and one count of attempted robbery in the second degree in violation of New York State Penal Law §§ 160.10(2)(b) and 110.00. On August 22, 2001, following a separate jury trial, Daniel was convicted of one additional count of robbery in the second degree. For these convictions, Daniel was sentenced to sixteen concurrent, indeterminate terms of from twenty-five years to life imprisonment.

---

1. Both judgments arose from the same series of robberies, and a single suppression hearing was held to address the admissibility of evidence offered at both trials.

2. The summary below derives from Daniel's and Respondent's submissions to this Court, as well as from their earlier submissions to the state court, specifically: Briefs for Defendant–Appellant, both dated March 2003 ("Def.Br."); Petitioner's Application for a Writ of Habeas Corpus, dated June 1, 2005 ("Habeas Pet."); Respondent's Memorandum of Law in Opposition to Petitioner's Application for a Writ of Habeas Corpus, dated April 14, 2006 ("Resp.Mem."). Except where specifically quoted, no further reference to these documents will be made.

In March 2003, Daniel appealed his convictions to the New York State Supreme Court, Appellate Division, First Department ("Appellate Division"). On appeal, Daniel argued (1) that the motion to suppress physical evidence, identification testimony, and post-arrest statements should have been granted because the police (a) lacked reasonable suspicion to stop Daniel's taxicab, and (b) subjected Daniel to custodial interrogation prior to the administration of his *Miranda* rights, and (2) that the trial court's ruling to allow fingerprint evidence of an uncharged crime in the event that Daniel claimed his confession was fabricated deprived him of his right to a fair trial and to present a defense.

In a decision dated April 15, 2004, the Appellate Division unanimously affirmed Daniel's convictions. *See People v. Daniels,* 6 A.D.3d 245, 776 N.Y.S.2d 10, 11 (App. Div. 1st Dep't 2004).[3] The Appellate Division found that the trial court had properly denied Daniel's motion to suppress. Specifically, the Appellate Division found that: (1) the officers who arrested Daniel had reasonable suspicion to pull over his taxicab based on the description provided in a radio broadcast and Daniel's proximity to the scene of the crime; (2) statements made by Daniel prior to the administration of his *Miranda* rights were not the product of custodial interrogation or its functional equivalent; and (3) the trial court's decision to allow fingerprint evidence of an uncharged crime was a proper exercise of discretion, as such evidence was "highly probative of the reliability and the voluntariness of the confession." *Id.* at 11–12.

On June 3, 2004, Daniel sought leave to appeal to the New York Court of Appeals. His request was denied on July 27, 2004. *See People v. Daniels,* 3 N.Y.3d 658, 782 N.Y.S.2d 700, 816 N.E.2d 573, 573 (2004). Daniel timely filed this petition for a writ of habeas corpus on July 13, 2005.[4]

## II. DISCUSSION

### A. LEGAL STANDARD

As a starting point, the Court notes that Daniel is a *pro se* litigant. As such, his submissions must be held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citation omitted). The Court must read Daniel's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (citation omitted).

■ A petitioner in custody pursuant to a judgment of a state trial court is entitled to habeas relief only if he can show that his detention violates the United States Constitution or federal law or treaties of the United States. *See* 28 U.S.C. § 2254(a). Before seeking federal relief, however, a petitioner generally must have exhausted all available state court reme-

---

**3.** While the Appellate Division decision refers to Petitioner as Mr. "Daniels," his surname is Daniel. (*See* Letter of Katheryne M. Martone, dated June 3, 2004, at 1 n. 1, attached as an exhibit to Habeas Pet.)

**4.** Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies for state prisoners seeking federal habeas corpus review. Daniel was denied leave to appeal to the New York

Court of Appeals on July 27, 2004. His time to seek a writ of certiorari to the Supreme Court expired ninety days later, on October 25, 2004, at which date his convictions became final. Daniel's petition was filed on July 13, 2005, less than one year later. Respondent does not dispute the timeliness of Daniel's petition. (*See* Resp. Mem. at 34.)

dies. *See id.* § 2254(b), (c).[5] To do so, the petitioner must have fairly presented his federal claims to the highest available state court, setting forth all of the factual and legal allegations he asserts in his federal petition. *See Daye v. Att'y Gen.*, 696 F.2d 186, 191–92 (2d Cir.1982) (citations omitted).

Where a state court has decided a petitioner's federal claims on the merits, this Court may grant habeas relief only if the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court precedent]" or "confronts a set of facts that are materially indistinguishable from a [Supreme Court decision] and nevertheless arrives at a [different] result." *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To be considered "contrary" within the meaning of 28 U.S.C. § 2254, a state court decision must be "substantially different" from relevant Supreme Court precedent. *Id.* As long as a state court decision applies the correct legal rule to petitioner's facts, it is not subject to habeas review under this standard, even if the federal court would have reached a different conclusion were it to apply the rule itself. *See id.* at 406, 120 S.Ct. 1495.

A state court decision is "based on an unreasonable determination of the facts" if

the court has correctly identified the correct legal rule set forth in governing Supreme Court cases, but unreasonably applies the rule to the peculiar facts of the case. *Id.* at 407, 120 S.Ct. 1495. A federal court may grant habeas relief only where the state court decision was objectively unreasonable in light of relevant precedent; a decision which is reasonable, even though it may be incorrect, is not grounds for habeas relief. *See id.* at 411, 120 S.Ct. 1495.

## B. *FAILURE TO EXHAUST STATE REMEDIES*

■ A petitioner seeking habeas relief under 28 U.S.C. § 2254 generally must first have exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1). An applicant has not exhausted a claim if he has the right under state law to raise the question presented by any available procedure. *See id.* § 2254(c). Only three of Daniel's claims have been properly exhausted. Daniel presented to the highest available state court his claims regarding lack of reasonable suspicion, custodial interrogation prior to the administration of *Miranda* warnings, and the admissibility of fingerprint evidence from an uncharged crime. (*See* Resp. Mem. at 35.) However, Daniel raised the balance of his claims for the first time in his reply brief to this Court.

In his petition for habeas relief, Daniel presents the following unexhausted claims: (1) the trial court erred in denying his motion to suppress because (a) his confessions were coerced and unreliable, (b) prosecutors improperly retrieved his physical property in violation of his right to counsel and against self-incrimination, (c) show-up identification testimony was im-

---

**5.** Following the passage of the Antiterrorism and Effective Death Penalty Act of 1996, a federal habeas court may also deny an appli-

cation on the merits even if the petitioner has not exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(2).

proper and none of the People's witnesses had viewed a lineup, (2) he was denied the right to compulsory process when five officers with whom he had contact during his arrest and interrogation were not called as witnesses at trial, and (3) he received ineffective assistance of trial counsel.

■ As Daniel failed to present these claims in his state appeal, his opportunity to do so has now expired. *See* N.Y. Ct. Rules § 500.10(a) (only one application for leave to appeal to New York Court of Appeals is permitted); N.Y.Crim. Proc. § 440.10(2)(c) (collateral review barred if claim could have been raised on direct review). For purposes of exhaustion, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). By reason of this procedural bar, Daniel no longer "has remedies available" in state court within the meaning of 28 U.S.C. § 2254(b) with respect to these claims. These claims therefore may be "deemed exhausted" for purposes of fulfilling the statutory exhaustion requirement. *Bossett v. Walker*, 41 F.3d 825, 828–29 (2d Cir.1994). A claim which has been "deemed exhausted" may be considered by the Court for habeas relief in this proceeding only if Daniel can show cause for his not having raised the claim in state court and resulting prejudice from this failure to do so. *Grey*, 933 F.2d at 120–21.

■ To show cause, Daniel must demonstrate that "some objective factor exter-nal to the defense impeded counsel's efforts" to raise the claims above in state court. *McCleskey v. Zant*, 499 U.S. 467, 493–94, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Although ineffective assistance of appellate counsel can constitute cause for failure to exhaust, Daniel has made no such claim. *See Loving v. O'Keefe*, 960 F.Supp. 46, 48 n. 2 (S.D.N.Y.1997).[6] As Daniel makes no other showing of cause, it is not necessary to reach the question of whether he is now prejudiced by his inability to have these claims considered for habeas relief. *See Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (rejecting proposition that showing of prejudice could permit relief in the absence of a showing of cause for failure to exhaust). Accordingly, Daniel's unexhausted claims must be dismissed.

## C. *REASONABLE SUSPICION*

■ Daniel asserts that evidence obtained following his arrest should have been suppressed because the police lacked the requisite reasonable suspicion to pull over the car in which he was riding. Daniel was arrested on March 30, 2000, following a call to police regarding an armed robbery in progress at Madame Lioret Dry Cleaners on East 86th Street, in Manhattan. A radio broadcast alerted officers in the area to a robbery in progress and described the suspect as a "tall black male wearing a black hooded sweatshirt and black blue jeans ... heading north in the areas of 88th Street and York Avenue." (Resp. Mem. at 40.) Police officers appre-

---

6. Daniel's claim regarding ineffective assistance of counsel pertains exclusively to actions taken (or not taken) by his attorney at the time of trial: specifically, counsel's (a) insistence that Daniel waive his right to a jury trial, (b) statement to the jury that Daniel "had [indisputably] committed th[e] robbery," (c) failure to obtain investigative, expert, or other services to aid in the preparation of a defense, and (d) failure to call police witnesses who had contact with Daniel after his arrest. Because Daniel's ineffective assistance of counsel claim concerns only his trial counsel, it is insufficient to explain Daniel's failure to exhaust claims on appeal and does not constitute "cause." *See Loving*, 960 F.Supp. at 48 n. 2.

hended Daniel, who matched the description given by the radio broadcast, after seeing him enter a taxicab at 91st Street and York, several blocks from the scene of the robbery. Moments later, Scott Kaufman, owner of the dry cleaners, arrived on the scene and identified Daniel as the man who had robbed him. Police recovered from the cab a silver lighter designed to look and "rack" like a handgun. (*Id.* at 24–25.) Daniel was arrested and subsequently charged for the robbery of Madam Lioret Dry Cleaners and of fifteen other small businesses throughout Manhattan.

 Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a federal habeas court may not grant relief for a claim that evidence introduced at trial was recovered through an illegal search or seizure. *See Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). This standard applies to all Fourth Amendment claims and all types of evidence sought to be suppressed. *See Cardwell v. Taylor,* 461 U.S. 571, 571, 103 S.Ct. 2015, 76 L.Ed.2d 333 (1983) (a habeas court is barred from reviewing a claim that petitioner's arrest violated the Fourth Amendment and, thus, custodial statements taken thereafter should have been excluded from evidence); *Chavis v. Henderson,* 638 F.2d 534, 538 (2d Cir.1980) (*Stone v. Powell* bars review of habeas claim that identification evidence obtained following an arrest without probable cause should have been excluded, absent a showing of no full and fair opportunity to litigate). To receive habeas review on this claim, Daniel must show that: (1) the state failed to provide any corrective procedures by which the claim could be litigated, or (2) Daniel was unable to avail himself of such corrective procedures because of an unconscionable breakdown in the underlying process for presenting such claim. *See*

*Capellan v. Riley,* 975 F.2d 67, 70 (2d Cir.1992). Daniel does not claim that the state failed to provide appropriate corrective procedures, and he availed himself of those very procedures by appealing his conviction on these and other grounds to the Appellate Division and the state Court of Appeals. As the state has already provided Daniel with ample opportunity to litigate this claim, the Court can not grant habeas relief on these grounds.

### D. *MIRANDA*

 Daniel claims that he was subjected to custodial interrogation prior to the administration of his *Miranda* warnings when detectives showed him a wanted poster displaying Daniel's face and assured him his arrest had been inevitable. Detectives Flanagan and Fleming, who had been investigating the string of robberies of which Daniel was convicted, arrived at the 19th Precinct shortly after Daniel was arrested and went to his holding cell to take custody of him. As Detective Fleming was handcuffing him, Daniel "stepped right into" Flanagan. (Def.Br.7.) Flanagan, in what he testified was an attempt to calm Daniel down, told him that his brother Carl said to say hello. (*See id.*) Daniel responded, "You got to admit it took you a long time to get me." (*Id.*) When Daniel stated that he "knew he shouldn't have been up in the 19th Precinct" that day, Flanagan displayed a wanted poster with Daniel's photograph and told him it was "just a matter of time" before they caught him. (*Id.* at 7–8.) Daniel was then transported to the Robbery Squad offices and placed in a new holding cell. Approximately two and a half hours after his exchange with Fleming and Flanagan, Daniel was read his *Miranda* rights, signed a form indicating his comprehension of those rights, and gave his confession. (*See* Resp. Mem. 7.) Daniel claims the officers' earlier conduct, in referencing

his brother and showing him the wanted poster, was "calculated to convey a clear message that anything but an open admission would be futile," and that as a result the later *Miranda* warnings were insufficient to protect his rights. (Habeas Pet. 3.)

▮▮▮ Under the rule of *Miranda v. Arizona,* any statements gathered from a criminal suspect as a result of custodial interrogation may not be used by the prosecution "unless it has demonstrated the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Miranda* warnings are implicated whenever a person in custody is subjected to either express questioning or its functional equivalent. *Rosa v. McCray,* 396 F.3d 210, 220–21 (2d Cir. 2005). For *Miranda* purposes, "interrogation" includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). An incriminating response is any response that the prosecutor may seek to introduce at trial, whether inculpatory or exculpatory. *See id.* at 302 n. 5, 100 S.Ct. 1682.

For Daniel to prevail on this claim, he must demonstrate that the trial court's denial of his motion to suppress his post-arrest statements was contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). The Court finds that the trial court's adjudication of this claim was neither "contrary" to nor an unreasonable application of clearly established federal law. The trial court's decision was neither "substantially different" from the

Supreme Court's decision in *Innis,* nor "objectively unreasonable" in light of this precedent. *See Williams,* 529 U.S. at 406–07, 120 S.Ct. 1495. The statements Daniel contests here were part of a short exchange with the police officers designated to move him to the 19th Precinct. The record fails to demonstrate that the officers' comments—a transmitted salutation from Daniel's brother and an expression of confidence in the inevitability of Daniel's capture—were "particularly evocative," or that the police should have known their words were reasonably likely to elicit an incriminating response, *see Innis,* 446 U.S. at 303, 100 S.Ct. 1682, or "to produce psychological pressures that w[ould] subject [Daniel] to the will of his examiner[s]." *United States v. Morales,* 834 F.2d 35, 38 (2d Cir.1987).

On this review of the record, the Court concludes that the trial court's determination of Daniel's *Miranda* claim was not contrary to clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the Court must deny this claim.

### E. FINGERPRINT EVIDENCE

▮▮▮ Daniel claims his due process rights were violated by the trial court's ruling that fingerprint and statement evidence involving an uncharged crime would be admissible in the event the defense claimed Daniel's confession was fabricated. The evidence in question pertained to the March 17, 2000 robbery of 67 Cleaners, for which Daniel was separately charged under Indictment Number 7111.00. (*See* Habeas Pet. 4; Resp. Mem. 49.) The prosecution sought to introduce an inculpatory statement Daniel made when he was told that his fingerprint had been found on a newspaper at the scene of the crime: "Ain't that a bitch, I don't even read the

sports section." (Resp.Mem.49.) The trial court ruled that this evidence would be permitted only as proof supporting the credibility of Daniel's confession, in the event the defense raised such issue on cross-examination, and not as proof of the uncharged crime itself or of Daniel's criminal propensity. *See Daniels*, 776 N.Y.S.2d at 12; *People v. Molineux*, 168 N.Y. 264, 61 N.E. 286, 294 (1901).

At the outset, the Court notes that state evidentiary rulings are generally a matter of state law and not subject to habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). An erroneous evidentiary ruling may qualify for habeas relief only if such error violated petitioner's due process rights to such an extent as to deprive him of a fundamentally fair trial. *See id.* "That is a heavy burden, for generally, rulings by state trial courts on evidentiary issues, even if erroneous, do not rise to the level of a constitutional violation." *Kanani v. Phillips*, No. 03 Civ. 2534, 2004 WL 2296128, at *15 (S.D.N.Y. Oct. 13, 2004), *adopted by Kanani v. Phillips*, 2005 WL 2431416 (S.D.N.Y. Oct.3, 2005) (citation omitted). To prevail on this claim, Daniel must prove: (1) that the trial court's decision to allow the fingerprint evidence violated a state evidentiary rule, (2) that such error violated an identifiable constitutional right, and (3) deprived him of a "fundamentally fair" trial, by providing the basis for conviction or removing a reasonable doubt that would have existed on the record without it. *See id.* at *15–16.

In New York, where an opposing party on cross-examination "opens the door" to matters not touched upon during the direct examination, "a party has the right on redirect to explain, clarify, and fully elicit the question only partially examined on cross-examination." *See People v. Melendez*, 55 N.Y.2d 445, 449 N.Y.S.2d

946, 434 N.E.2d 1324, 1327 (1982). This rule applies to evidence of a defendant's prior criminal activity or bad acts. *See Kanani*, 2004 WL 2296128 at *18. The trial court's ruling that the prosecution could present Daniel's statement is a reasonable application of this evidentiary rule. Were Daniel to attack the credibility of his confession on cross-examination of Officers Fleming and Flanagan, the prosecution would have been entitled to present further evidence which could clarify the issues raised by Daniel's attack, such as an additional part of the confession supported by physical evidence.

Daniel also argues that the prejudicial value of the fingerprint evidence outweighed its probative value. Specifically, Daniel argues that the pre-trial ruling prevented him from confronting the prosecution's chief evidence, his confession, for fear of the jury hearing evidence tending to establish his criminal propensity. The Appellate Division rejected this claim, finding that the trial court had properly exercised its discretion in permitting the prosecution to introduce evidence "highly probative of the reliability and voluntariness of the confession." *See Daniels*, 776 N.Y.S.2d at 12. Although there is no bright-line rule for determining when the probative value of such evidence will outweigh its prejudice, important considerations include whether the evidence is material, whether it is "not merely cumulative," and "how [it] comes into the case ... whether at the instance of the People initially, or in rebuttal to a defense offered by the defendant." *People v. Ventimiglia*, 52 N.Y.2d 350, 359, 438 N.Y.S.2d 261, 420 N.E.2d 59 (N.Y.1981).

The fingerprint evidence included a statement offered by Daniel in the context of his larger confession to a series of related crimes. This statement was the only response connecting him to physical evi-

dence found at the scene of any robbery. Further, the trial court's evidentiary ruling allowed the prosecution to present evidence of the uncharged crime only in the event that Daniel claimed his confession had been fabricated by the officers during his cross-examination of them. Given these considerations, and the deference required of a habeas court for the review of a state evidentiary ruling, *see Estelle,* 502 U.S. 62 at 71–72, 112 S.Ct. 475, this Court is unable to find that the trial court erred in its determination to allow the fingerprint evidence in this limited circumstance.

For the reasons stated above, the Court finds that the trial court acted within its discretion in making this evidentiary ruling. Accordingly, the Court denies this claim.

### III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the petition of petitioner Dennis Daniel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

As Daniel has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. N.Y. State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**